SANDERS, J., dissents, being of the opinion that the disciplinary action taken is inadequate for the professional misconduct shown.

BARHAM, Justice (concurring in part and dissenting in part).

I concur in the findings of the commissioner adopted by the majority and in the reasoning of the majority, but I must dissent from the decree.

The charges which are found to be proven justify more severe disciplinary action both under the facts of this case and under a comparison of similar disciplinary proceedings previously adjudicated by this court.

259 So.2d 899

**STATE of Louisiana**

v.

**Johnny Belvin JONES.**

**No. 51336.**

March 27, 1972.

Walton J. Barnes, Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.

TATE, Justice.

The defendant Jones was convicted of armed robbery, La.R.S. 14:64, and sentenced to five years in the penitentiary. He perfected six bills of exceptions, but, upon his appeal, urges only three errors:

### 1.

After the jury was sworn, the defendant was asked to stand and to identify himself. His counsel objected on the ground that the defendant was being required to incriminate himself. The prosecutor explained that, since two defendants were on trial, he wanted the jury to know which was which.[1] The defendant perfected Bill of Exceptions No. 1 when his objection was overruled.

We find no error in the trial court's ruling. There was no issue as to whether the accused was, in fact, Johnny Belvin Jones; his defense was that he (Johnny Belvin Jones) did not commit the crime. The defendant's privilege against self-incrimination was not violated when he was asked to stand and to identify himself. State v. Mixon, 258 La. 835, 248 So.2d 307 (1971); State v. Lacoste, 256 La. 697, 237 So.2d 871 (1970). The privilege does not extend to prevent exhibition of the person or of identifying personal characteristics; it protects only against compulsory testimony by an accused or

---

1. The co-defendant was also convicted, but he did not appeal.

against his being required to furnish evidence of a testimonial or communicative nature. Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

## 2.

As a second claimed error (Bills of Exceptions Nos. 2 and 5), the defendant contends that the trial court improperly allowed into evidence the testimony of two prosecution witnesses taken at a preliminary examination. They did not testify in person at the trial, being allegedly unavailable. See La.C.Cr.P. Art. 295.

These two witnesses were Saether and Granli, Norwegian seamen. They were the victims of the robbery. They positively identified the defendant as the gunman who held the pistol on them and robbed them of their money.

The defendant contends that he was denied his constitutional right to confront the witnesses against him by the production of testimony of the witnesses taken before the trial, and then only read to the trial jury from the transcription.

At the preliminary hearing, the defendant was represented by counsel, who fully cross-examined these witnesses. In contending that the testimony was nevertheless inadmissible, he relies upon jurisprudence noting that the right to confrontation is a trial right entitling him, as well as to cross-examination, also to have the jury weigh the demeanor of the witnesses. Barber v. Page, 390 U.S. 719, 725, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968).

■ As defendant admits, the cited decision indicates that the state may nevertheless introduce such testimony taken at a preliminary examination "where the witness is shown to be actually unavailable," 390 U.S. 725–726, 88 S.Ct. 1322, provided adequate opportunity for cross-examination was afforded at the preliminary examination. See California v. Green, 399 U.S. 149, 165–169, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970) and Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The defendant contends, however, that the state did not adequately show that the witnesses were unavailable for the trial.

■ Under the particular circumstances here shown, this contention does not possess reversible merit. It is true that subpoenas for the Norwegian seamen were issued only the day before the trial, and that the returns of the sheriff simply show that, after diligent search and inquiry, the two seamen could not be located because their ship was not in port. Under most circumstances, the belated and limited search for the witnesses might be considered not reasonably diligent for the purpose of showing they were actually unavailable for the trial, at least so as to justify the use of the con-

stitutionally-disfavored deposition evidence instead of live testimony.

Here, however, a specific purpose of the preliminary examination was to perpetuate the testimony of the Norwegian seamen for later use at the trial, because they would be unavailable when their Norwegian ship left immediately after the preliminary examination of February 16, 1970. (The robbery had been committed on February 13, 1970.) From the testimony taken at the preliminary examination, there was no expectation that they would return to Louisiana for the trial.

Under these peculiar circumstances, the search for the foreign seamen was not so manifestly insufficient as to indicate they may not have truly been unavailable for the trial. We thus do not find merit to the contention that the preliminary examination testimony was improperly used at the trial on the merits.

### 3.

The final issue argued (Bill of Exception No. 4) is that the in-court (i. e., at the preliminary examination) identification of Jones by the victims was tainted by a prior extra-judicial line-up, where the defendant

had not been represented by counsel. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

The issue was raised by objection to the introduction at the trial of the preliminary-examination testimony of the foreign seamen.

At the preliminary examination, these seamen were fully interrogated and cross-examined as to their independent opportunity to see and identify the gunman who robbed them and also as to the certainty of their identification.[2] At this time, no issue was made as to the certain identification by these witnesses having been tainted by an allegedly illegal line-up.

In the record, the only evidence as to a line-up is contained in the testimony of the defendant Jones at the preliminary examination (he did not testify at the trial). Under direct examination, he replied, when asked if he had ever seen the sailors before, that the only time he previously saw them was when he was placed in a line-up and identified by them.[3] In amplifying cross-

2. The seamen had been waiting for a taxi to take them back to their ship, when they were offered a ride in a vehicle driven by the co-defendant, in which the defendant Jones was front-seat passenger. Instead of taking them back to the ship, the driver drove to a deserted area. The seamen had the opportunity to observe the defend-

ant Jones during the ride and also as he held the gun on them as they were sitting in the rear seat, as well as when the seamen were let out.

3. The co-defendant driver had earlier been arrested in the vicinity of his parked vehicle, in which the wallet of one of the

examination, the defendant's testimony indicates that the others in the line-up were of about his height and dressed the same as he was. There is thus no showing whatsoever of any inherently unfair line-up. Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969). No complaint of any absence of counsel was raised at the preliminary examination, when the identification testimony was expressly perpetuated for later use at the trial.[4]

■ There is merit to the defendant's contention that, when identification testimony is attacked as tainted, the court should require as a predicate (presumably first outside the presence of the jury) a showing by the state that no illegal line-up tainted the identification or that the identification is independent of and disassociated with the allegedly tainted identification.[5] Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); State v. Singleton, 253 La. 18, 215 So.2d 838 (1968).

■ Here, however, no such attack on the identification testimony was made at the time it was taken expressly for use later at the trial, for which all parties and the defendant's retained counsel then knew the foreign seamen would be unavailable. We are unable to say, under the present circumstances, that the trial court erred in overruling the belated objection to admission of the identification testimony, made for the first time months later at the trial when these foreign witnesses were no longer available for examination as to the effect, if any, of the line-up upon their ability to identify the defendant.

We are re-enforced in this conclusion by the strong and positives identification of the defendant made by these witnesses on the basis of their opportunity for extended and detailed observation of the defendant independent of any line-up, State v. Mixon, 258 La. 835, 248 So.2d 307 (1971); State v. Singleton, 253 La. 18, 215 So.2d 838 (1968), as well as by the complete absence of any showing that the line-up was unfair or illegal or of any attempt (other than the general objection) to introduce evidence to show such unfairness or illegality.

seamen was found The driver had been with the defendant just before the driver was found in a barroom; the defendant met the description of the driver's companion; and the defendant's coat had been left at the barroom when the defendant left just before the driver was arrested there—these were the apparent reasons the police picked up the defendant for investigation and possible identification as the robber..

4. The defendant was represented by a retained attorney at the preliminary examination. He had a different attorney retained for the trial.

5. For the procedures when the inadmissibility of the identification evidence is raised by a motion to suppress in advance of trial, see State v. Wilkerson, 261 La. 342, 259 So.2d 871.

## Conclusion

The other bills reserved (Nos. 3 and 6) are not argued and possess no merit.

For the reasons assigned, the conviction and sentence are affirmed.

Affirmed.

BARHAM, J., concurs.