PER CURIAM.
The defendant, Lennis Landry, was found guilty of the crime of manslaughter, and was sentenced to serve five years in the state penitentiary, La.R.S. 14:31. Although the defendant reserved and perfected five bills of exceptions during the proceedings, he has expressly abandoned four bills in his brief and submits only Bill of Exceptions No. 2 for consideration by this Court.
The bill alleges the trial judge erred when he allowed the preliminary hearing testimony of Jessie Lee Handley (who died before the trial) to be introduced at trial and read to the jury. This testimony was offered under authority of La.C.Cr.P. Art. 295, which permits the use of testimony taken at the preliminary examination at the trial when the witness is dead at the time.
The sole basis upon which objection was made to the use of this testimony is that it “would be most prejudicial to the defendant inasmuch as the jurors were deprived of the benefit of the demeanor of said witness which is evidence as well as what the witness is saying.”
The witness whose transcribed testimony was utilized by the state had been subjected to extensive cross examination (10 pages of transcript, 19 pages of rambling direct testimony) by the accused’s counsel. Cf., State v. Augustine, 252 La. 983, 215 So.2d 634 (1968).
We have previously held, with full discussion of authorities, that any constitutional right of confrontation and of evaluation of testimony is not violated under circumstances such as the present, where the witness is unavailable for the trial and where adequate opportunity for cross-examination was afforded at the preliminary examination. State v. Jones, 261 La. 422, 259 So.2d 899 (1972).
In brief, the defendant additionally claims prejudice by the questioning by the trial judge. Although our examination discloses that the trial court sought no more than to clarify some pertinent facts not immediately discernible by the witness’s confusing direct testimony, we are unable to consider this contention. It was waived by a failure to object on this basis, either in advance of the reading to the jury of the testimony of the preliminary examination or else, at least, at the time the portions of the direct examination now complained of were read to the jury. La.C.Cr.P. Art. 841.
Therefore, we do not find any violation of the defendant’s constitutional rights to a fair trial and a fair and impartial jury under the Sixth and Fourteenth Amendments of the U. S. Constitution or under the Louisiana Constitution, Art. 1, Sec. 9.
This bill is without merit.
For these reasons, the sentence and conviction are affirmed.