SUMMERS, Justice.
Defendant was tried under a bill of information charging him with armed robbery. R.S. 14:64. He was convicted after a trial by jury and was sentenced to serve 15 years at hard labor. He appeals.

Bill 1

This bill was reserved when the trial court denied defendant’s motion to suppress identification of the accused by one Louis Vasalech. The motion was grounded on an allegation that photographic and lineup identification procedures were im-permissibly suggestive.
The witness testified that he went to the police station and looked through a few thousand photographs. From these he picked the picture of the defendant. The *315 police were not present in the room during this procedure.
Approximately six weeks later the witness attended a six man lineup. He gave the following testimony concerning the similarity of the persons participating in the lineup:
“Q. How many people were in the lineup, roughly?
A. Six.
Q. Six? Would you please describe the appearance of these people as compared to each other that were in the lineup? Were all the persons similar in appearance ?
A. In what way your talking about, sir?
Q. The people in the lineup, were they all about the same height ?
A. No, sir.
Q. How were they different? In what respect ?
A. Well, I would say he was the tallest of all of them and they had him in the center.
Q. He was the tallest of all of them; is that correct ?
A. Yes, sir.
Q. Did they all have the general type of haircut?
A. I really can’t give you an honest answer on that.
Q. Did any of • them have beards, or goatees ?
A. No.
Q. Mustaches ?
A. No.
Q. They all were approximately the same physical build as far as weight was concerned ?
A. No. They had lighter ones.
Q. What’s that ?
A. There were lighter ones, shorter. They were not the same build.
Q. Were they all the same complexion, so to speak, the same color skin, basically ?
A. I’d say so.”
A police officer subsequently testified that the persons , in the lineup were of the same general physical appearance.
In State v. Newman, 283 So.2d 756 (La.1973), we said:
“Due process prohibits the conduct of an identification procedure in a manner that is unnecessarily suggestive and conducive to irreparable mistaken identification. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L. Ed.2d 402 (1969). In a determination of whether an identification procedure was impermissibly suggestive, reference must be made to all the circumstances. State v. Amphy, 259 La. 161, 249 So.2d 560 (1971); Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); Foster v. California, supra; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967)”
The photographic identification, made from a large number of photographs without suggestion by the police, was not tainted. See, State v. Valentine, 262 La. 571, 263 So.2d 893 (1972).
The fact that an identification procedure is suggestive does not of itself bar an identification made during that procedure unless under the totality of the circumstances it can be said that there is a substantial likelihood of misidentification. See Neil v. Biggers, supra.
Assuming that the lineup was suggestive due to the disparity between the *316 physical characteristics of the persons in the lineup nevertheless there was no substantial likelihood of misidentification. The witness had an opportunity to observe the accused for something in excess of one half an hour before and during the robbery; which occurred during the day and in a well lit store. He was able to give a rather complete description of the perpetrator to the police. He was able to make an identification of the accused from photographs in a completely nonsuggestive procedure. All of the factors show that there was little chance of misidentification.
The ruling of the trial court was correct. This bill is without merit.

Bill 2

This bill was reserved when the trial court denied defendant’s objection to the in-court identification by a witness. The objection was grounded on the State’s failure to lay a predicate for the identification by showing that it was not tainted by an earlier procedure. See State v. Jones, 261 La. 422, 259 So.2d 899 (1972).
There is no merit to this contention. At the hearing on the motion to suppress the witness stated he had not participated in any out-of-court identification procedures. Thus defense counsel was aware that any in-court identification could only be based on what the witness saw during the robbery. In any event Jones is not applicable since this witness’ identification was not attacked as tainted.
This bill is without merit.

Bill 3

This bill was reserved when the trial court denied defendant's motion for a new trial grounded on an allegation that the verdict is contrary to the law and the evidence and prior reserved bills.
We have reviewed the prior bills and have found them to be without merit. A contention that the verdict is contrary to the law and the evidence without more presents nothing for our review.
For the reasons assigned, the conviction and sentence are affirmed.