329 So.2d 680 (1976)
STATE of Louisiana
v.
Albert L. WILSON and Gary Francis.
No. 57183.
Supreme Court of Louisiana.
March 29, 1976.
Tilden H. Greenbaum, III, Orleans Indigent Defender Program, New Orleans, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendants, Wilson and Francis, were convicted of armed robbery, a violation of La.R.S. 14:64, and sentenced to serve twenty years at hard labor. Defendant Wilson alone appeals from the conviction and sentence and relies upon one assignment of error for reversal. We affirm.
During the trial, a witness testified that she had seen two men emerge from the store in which the robbery occurred and depart in a car driven by a third person known to her by the nickname of "Fat Man". She stated that she had grown up in the same neighborhood with him, but she did not know why he was called "Fat Man". She identified the defendant at the trial as the driver of the car and the person she knew as "Fat Man".
Following this testimony, the State moved to compel the defendant to exhibit his left arm to the jury. The motion was granted with the defense objecting and assigning error. On the defendant's left arm was tattooed "Fat Man".
Defendant argues that the exhibition of the tattoo to the jury was in the nature of *681 a forced confession by the defendant of his involvement in the crime. Furthermore, defendant complains that a proper predicate for the evidence was not laid in that he was not advised in writing of the State's intent to introduce a confession or inculpatory statement prior to the beginning of the State's opening statement as required by La. Code of Criminal Procedure article 768.
Defendant's arguments are without merit. The privilege against compulsory self-incrimination relates only to testimonial compulsion. It protects the accused's communications, whatever form they might take, and prevents the compulsion of responses which are also communications, for example, compliance with a subpoena to produce one's papers. However, the privilege does not require an exclusion of the accused's body as evidence when it may be material. Schmerber v. State of California, 384 U.S. 757, 763-64, 86 S.Ct. 1826, 1832, 16 L.Ed.2d 908 (1966). Generally, compulsion which makes the accused the source of real or physical evidence does not violate the privilege against self-incrimination:
"* * * [B]oth federal and state courts have usually held that it offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture." Schmerber v. State of California, 86 S.Ct. 1826, 1832.
The objection urged by defendant would "in principle . . . forbid a jury to look at a prisoner and compare his features with a photograph in proof." Holt v. United States, 218 U.S. 245, 252-53, 31 S.Ct. 2, 6, 54 L.Ed. 1021 (1910). We find this case virtually indistinguishable from State v. Junius, 257 La. 331, 242 So.2d 533 (1971), where we held that the accused's privilege against self-incrimination was not violated when he was compelled to exhibit an identifying scar to a witness at trial. See also, State v. O'Conner, 320 So.2d 188 (La.1975), and cases cited therein.
Since we hold that the action required of defendant was not in the nature of a confession, no notice was necessary under La. Code of Criminal Procedure article 768.
For the reasons stated above, defendant's conviction and sentence are affirmed.