332 So.2d 214 (1976)
STATE of Louisiana
v.
Michael ANTHONY.
No. 57337.
Supreme Court of Louisiana.
May 17, 1976.
*215 Joel B. Dickinson & Associates, Joel B. Dickinson, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., James E. Boren, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Michael Anthony was charged by bill of information with the crime of simple burglary in violation of La.R.S. 14:62. After trial by jury, he was found guilty as charged and was subsequently sentenced to serve seven years at hard labor. On appeal, he relies upon three assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
On direct examination the victim of the burglary, who had scuffled with defendant as the latter was escaping from his house, testified that defendant had a prominent scar on his chest. On redirect examination, defendant was required to open his shirt and expose the scar, which the victim recognized. Defendant contends that forcing him to expose the scar violated his privilege against self-incrimination.
It is settled that the privilege against self-incrimination protects an accused only from being compelled to testify against himself, or from otherwise providing the state with evidence of a testimonial or communicative nature. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). The privilege does not mandate an exclusion of the accused's body as evidence when it may be material. State v. Wilson and Francis, 329 So.2d 680 (La.1976). The instant case is virtually indistinguishable from State v. Junius, 257 La. 331, 242 So.2d 533 (1971), where we held that the accused's privilege against self-incrimination was not offended when he was compelled to exhibit an identifying scar to a witness at trial, and from Wilson and Francis, supra, where we upheld the state's right to compel the accused to expose an identifying tatoo on his arm. Similarly, the trial judge in this case did not commit error when he required defendant to expose the identifying scar on his chest.
Defendant also urges in this assignment that the trial judge erred in allowing the state, over his objection, to examine the victim of the burglary about the scar on redirect, when the victim had not been questioned concerning the scar on cross-examination. La.R.S. 15:281 allows the trial judge to permit extension of the scope of redirect examination beyond the subject matter of the cross-examination, provided that the opportunity be not denied to recross on the new matter brought out on the redirect. La.R.S. 15:281; State v. Monk, 315 So.2d 727 (La.1975). The decision to permit extension of the scope of redirect examination, since it is within the trial judge's discretion, must be upheld unless an *216 abuse of discretion can be shown. State v. Watson, 301 So.2d 653 (La.1974). We find that there has been no showing of an abuse of discretion in the instant case. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant alleges that the victim's incourt identification of him as the intruder in his home on the day of the burglary was tainted by an improperly suggestive photographic identification, particularly inasmuch as no corporeal line-up was conducted prior to trial.
We find no substance to this allegation. The victim of the burglary, Ronald Sykes, testified at trial that Jack Pierce, an investigator for the district attorney's office, came to his home about a month before the trial and presented him with five photographs for his inspection. The victim testified that the officer did not indicate which photograph was that of defendant, nor did the officer tell him that a photograph of the person arrested for the burglary was included among the group of photographs. Rather, the victim testified that the officer did not "in any way" indicate which photograph he wanted him to select. Pierce testified that he selected the photographs which were presented to Sykes after reviewing the mug books and picking therefrom four photographs of black males who most closely resembled the photograph of defendant. It was from this group of photographs that Sykes selected defendant. Pierce also stated that, he did not prompt Sykes in any way during his selection of defendant from the photographic display.
Even if we assume arguendo that the out-of-court identification was tainted, it is settled that the in-court identification does not violate the accused's due process rights where it has a source independent of the out-of-court identification. State v. Price, 325 So.2d 780 (La.1975); State v. Newman, 283 So.2d 756 (La.1973). In the instant case, the victim testified that he had a face-to-face encounter and struggle with defendant in the well-lighted hallway of his home. He further testified that he "got a good look" at defendant's face. At trial, he was able to recall" in detail the clothes that defendant wore on the day of the burglary, as well as the prominent scar on his chest.
The in-court identification clearly had a source independent of the out-of-court identification. There is no merit in this assignment of error.

ASSIGNMENT OF ERROR NO. 3
Defendant finally contends that the sentence imposed in the circumstances of this case, imprisonment for seven years at hard labor, inflicts cruel, unusual, and excessive punishment in violation of article I, section 20 of the Louisiana Constitution of 1974.
This contention does not present an issue that this court may consider on appeal. The allegation that a sentence imposes cruel, unusual, or excessive punishment in the particular circumstances of the case does not present an error that is discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence. La.Code Crim.P. art. 920(2) (1966), as amended, La. Acts 1974, No. 207, § 1; State v. Williams, 322 So.2d 177 (La.1975). Since defendant did not object to the sentence at the time of its imposition as required by article 841 of the Code of Criminal Procedure, we do not reach the issue of whether this court can pass upon the excessiveness of a sentence under the particular circumstances of a case. State v. Williams, supra. Hence, this assignment of error lacks merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
SUMMERS, J., concurs.
DIXON, J., concurs, disagreeing with the treatment of assignment No. 3.