333 So.2d 642 (1976)
STATE of Louisiana
v.
Freddie MORGAN.
No. 57587.
Supreme Court of Louisiana.
June 4, 1976.
Frank E. Beeson, III, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise, Korns, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Defendant Freddie Morgan was charged with armed robbery of the coowner-cashier of a small grocery store in New Orleans. R.S. 14:64. As he left the store he was pursued by the other co-owner who shot him with an M-1 rifle. He was tried by jury, found guilty, and sentenced to serve twenty years at hard labor.
*643 He appeals this conviction and sentence on the basis of five assignments of error.[1]
In assignment of error number one, defendant argues that the trial court should have allowed him to ask the robbery victim if she were insured for the stolen money. In assignment of error number five, defendant complains that when the trial judge sustained, without futher comment, an objection made by the prosecutor to the defense attorney's "leading his witness now through this entire line of questioning" defendant was prejudiced by the inferential acquiescence of the court in the prosecutor's reference to an entire line of questions when the ruling actually should have referred only to the last-posed question. In assignment of error number six the defendant contends that he should have been allowed to state whether he felt he had been shot on purpose. Rabun argues in his seventh assignment of error that, when the trial judge required the defendant to put on a particular shirt at the trial, defendant's privilege against self-incrimination was violated. In assignment number eight defendant complains that his motion for a new trial should have been granted because the verdict was contrary to the law and the evidence.
We have studied these alleged errors, as well as the record and transcript presented in connection with them, and we find no merit in any of these asserted errors. With respect to assignment of error number seven, we note for the purpose of accuracy that the basis of the objection was merely that the shirt was "filthy," not that the state's action violated defendant's fifth amendment privilege, and also that the defendant had admitted before he put on the shirt that it belonged to him. With respect to the fifth amendment and nonverbal acts, see Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); State v. Wilson, 329 So.2d 680 (La. 1976). Furthermore, we find no errors which are discoverable by a mere inspection of the pleadings and proceedings. C.Cr.P. art. 920.
Accordingly, defendant Morgan's conviction and sentence are affirmed.
NOTES
[1] Although three other assignments were perfected, they were not argued either in brief or orally but were merely submitted for the Court's consideration. We deem these assignments abandoned. State v. Domingue, 298 So.2d 723 (La.1974).