365 So.2d 1282 (1978)
STATE of Louisiana
v.
Leonard BARNES.
No. 62186.
Supreme Court of Louisiana.
November 13, 1978.
Rehearing Denied January 26, 1979.
Tillman & Mitchell, F. Clay Tillman, Jr., Leesville, for defendant-appellant.
*1283 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., William C. Pegues, III, Dist. Atty., William E. Tilley, First Asst. Dist. Atty., Edwin L. Cabra, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The Vernon Parish Grand Jury indicted the defendant, Leonard Barnes, for distribution of heroin, a violation of LSA-R.S. 40:966 A. At his arraignment, the defendant, accompanied by his retained counsel, entered a plea of not guilty. Prior to trial, as a result of a dispute, retained counsel filed a motion to withdraw and subsequently a motion to have defendant declared an indigent. The Thirtieth Judicial District Indigent Defender Board moved to traverse the indigency of the defendant. The trial court held an evidentiary hearing, ruled that the defendant was not indigent, and denied counsel's motion to withdraw. The defendant proceeded to trial with retained counsel. The jury returned a verdict of guilty as charged. The trial judge sentenced the defendant to life imprisonment and ordered him to pay a fine of two thousand dollars or serve six months in the parish prison if he failed to pay the fine. The defendant relies upon six assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
The defendant contends that the sentence imposed upon him by the trial court exceeds that which is provided by the statute. As previously noted, the defendant was sentenced to six-months' imprisonment in default of the payment of the fine. He contends that the trial court sentenced him to life imprisonment plus six months. Initially, we note that the court conducted a hearing concerning the indigency of the defendant and found that he was not indigent. LSA-R.S. 40:966 B(1) provides for a sentence of life imprisonment and a fine of not more than fifteen thousand dollars. Article 884 of the Louisiana Code of Criminal Procedure expressly authorizes an additional prison term of not more than one year in default of payment of a fine. In the case of a nonindigent defendant it is permissible to impose a prison term in default of a fine payment that would result in the defendant serving a longer term than the statutory maximum for the offense. State v. Lukefahr, La., 363 So.2d 661 (1978).

ASSIGNMENT OF ERROR NO. 2
The defendant argues that the trial court committed reversible error in denying the defendant's certificate for the attendance of an out-of-state witness. The trial court in its per curiam relative to summoning an out-of-state witness stated, "Although there is authority for summoning of an out of state witness at the expense of the State even, perhaps, in a case in which the defendant is not indigent, there has been no prior showing herein that the testimony of the witness sought to be subpoenaed would be material or relevant."
The trial court correctly relied upon our decision in State v. Chavers, La., 294 So.2d 489 (1974), cert. denied 419 U.S. 1111, 95 S.Ct. 786, 42 L.Ed.2d 808 (1975). A defendant is entitled to summon at State expense the attendance of witnesses from outside the state, provided he makes a prior showing that the testimony sought is relevant and material. State v. Jenkins, La., 340 So.2d 157 (1976); U. S. v. Joseph, 533 F.2d 282 (5th Cir. 1976), cert. denied 431 U.S. 905, 97 S.Ct. 1698, 52 L.Ed.2d 389 (1977). The statute itself requires that the defendant show that the witness is material. Article 741 of the Louisiana Code of Criminal Procedure states in pertinent part:
"If a person in any state, which by its laws has made provision for commanding persons within its borders to attend and testify in criminal prosecutions or grand jury investigations commenced or about to commence in this state, as a material witness in a prosecution pending in a court of record in this state, or in a grand jury investigation which has commenced or is about to commence, a judge of such court may issue a certificate under the seal of the court stating these facts and specifying the number of days the witness shall be required." [Emphasis supplied.]
*1284 Although the motion to obtain the out-ofstate witness recites that the witness's testimony is relevant and material, it is bare of any facts supporting that conclusion. In order to reverse, we must find that the trial judge abused his discretion and that the witness was material. We find no basis in the record for disturbing the ruling.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
The defendant argues that the prosecutor committed reversible error in referring to a taped confession of the defendant in the presence of the jury. After the second reference, the defense moved for a mistrial. This denial of the motion for mistrial forms the basis of this assignment of error.
Prior to the opening statement by the State, the prosecutor filed a notice of intent as required by LSA-C.Cr.P. art. 768. He stated in the presence of the jury, ". . . I wish to file notice of intent and furnish a copy to defense counsel, of the State's intent during the course of this trial to introduce certain tapes." The counsel for defendant objected. Outside the presence of the jury, the trial judge noted that the State was not introducing the tapes at that time, but that the State was entitled to file its notice of intent.
Later, during the trial, the prosecutor stated, "The State does not intend to introduce or make reference to this particular taped statement that we are referring to in the notice of intent." The defense objected and moved for a mistrial. Counsel argued that this statement, made in the presence of the jury, prejudiced the defendant. The defendant contends that the jury surely concluded that the taped statements were inculpatory statements of the defendant.
A review of the record shows that there was no suggestion in the presence of the jury that these statements were made by the defendant. Likewise, there was no reference that the statements were confessions or inculpatory statements. Hence, no prejudice resulted.

ASSIGNMENT OF ERROR NO. 4
During the State's redirect examination of one of its witnesses, the prosecutor requested permission to bring all the witnesses into the courtroom to allow the witness to identify the State Trooper referred to in the witnesses' testimony. Defense counsel objected, stating, "Your Honor, I object to this in-Court line-up. That's what it amounts to. In reverse. Your Honor, if uh, I think I would agree if he would just look at the people and after they go back in, he can tell us which one it was."
The trial court followed the procedure suggested by defense counsel. The witnesses were brought in and then they filed out of the courtroom. After they left, the witness identified the trooper who was the subject of his testimony. Since there was no contemporaneous objection at trial to this procedure, this assignment is without merit. LSA-C.Cr.P. art. 841.

ASSIGNMENT OF ERROR NO. 5
At trial, the defendant testified in his own behalf. On direct examination, he testified that he had never dealt in heroin and that he was not a heroin addict. On cross-examination, the prosecutor asked the defendant to roll up his sleeves. The defense objected, stating that if there were track marks on the defendant's arms, no foundation had been laid to show that they were the result of heroin addiction.
The trial court ruled that the defendant had to display his arms to the jury. The court noted that the State's request was aimed at impeaching the defendant's credibility. Each side is allowed to impeach the credibility of adverse witnesses. LSA-R.S. 15:486. When a defendant takes the stand he may be cross-examined as any other witness. LSA-R.S. 15:462.
The defendant argues in brief that the effect of the display was to show that the defendant committed other crimes. The record shows that the defense counsel opened the door to questions concerning the defendant's use of heroin on his direct examination. The State had a right to rebut the defendant's testimony on this subject.
*1285 In criminal prosecutions, the court has required a defendant to exhibit his physical make-up: to put on a shirt, State v. Morgan, La., 333 So.2d 642 (1976); to exhibit a scar, State v. Anthony, La., 332 So.2d 214 (1976); to exhibit a tattoo, State v. Wilson, La., 329 So.2d 680 (1976); to show how he opens a cigarette package, State v. O'Conner, La., 320 So.2d 188 (1975); to show a bruise, State v. Washington, La., 294 So.2d 794 (1974); to stand and identify himself, State v. Jones, 261 La. 422, 259 So.2d 899 (1972); to give a handwriting sample, State v. Thompson, 256 La. 934, 240 So.2d 712 (1970); to give blood samples, State v. Dugas, 252 La. 345, 211 So.2d 285 (1968), cert. denied 393 U.S. 1048, 89 S.Ct. 679, 21 L.Ed.2d 691; and to allow his height to be measured, State v. Roy, 220 La. 1017, 58 So.2d 323 (1952).
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 6
Finally, defendant asserts that his counsel was ineffective.
The claim of ineffective assistance of counsel is properly raised by a petition for a writ of habeas corpus in the district court. This enables the district judge in a proper case to order a full evidentiary hearing on the matter. State v. Collins, La., 350 So.2d 590 (1977); State v. Anthony, La., 347 So.2d 483 (1977); State v. Daniels, La., 346 So.2d 672 (1977); State v. Ross, La., 343 So.2d 722 (1977); State v. Mouton, La., 327 So.2d 413 (1976).
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J. concurs.
DENNIS, J., concurs, but disagrees with the implication that track marks are admissible on same terms as general physical characteristics.