PRICE, Judge Pro Tempore.
Defendant, Robert E. Minter, appeals his conviction of armed robbery, LSA-R.S. 14:61, and attempted second degree murder, LSA-R.S. 14:27, 14:30.1. The defendant pled guilty to both charges. The defendant has received a sentence of ten years at hard labor without benefit of parole, probation, or suspension of sentence on the conviction of armed robbery. Defendant received ten years at hard labor, to be served concurrently with the sentence imposed for armed robbery, on the conviction of attempted second degree murder. Finding no error by the trial court, we affirm.
At defendant’s guilty plea colloquy, it was alleged that the defendant, and three other black males, beat and robbed Rouie S. Hattaway. The defendant admitted taking part of the money from the robbery.
On November 14, 1983, the defendant filed a Writ of Habeas Corpus in the district court. One of defendant’s claims alleged that his counsel failed to perfect an appeal. On November 21,1983, the district court denied defendant’s application for Writ of Habeas Corpus. The defendant then sought this court’s supervisory review. This court remanded defendant’s application to the district court for reconsideration of defendant’s request for an appeal. The district court then appointed appellate counsel for defendant and ordered an out-of-time appeal for the defendant.
On appeal, the defendant filed the following assignments of error in the district court:
1. The defendant urges on appeal that the trial court erred when Judge A.M. Ragland denied defendant’s Writ of Habeas Corpus.
2. The defendant urges on appeal that the trial court erred when defendant’s counsel failed to reveal supporting statements that defendant was not involved in this cause of action.
3. The defendant urges on appeal that the trial court erred in imposing sentence without delay and failing to order a presentence investigation.
4. The defendant urges on appeal that the trial court erred when it failed to prosecute defendant by indictment and same was not waived in open court.
5. The defendant urges on appeal that the trial court erred when the state failed to prove beyond a reasonable doubt that defendant had the requisite specific intent to have violated or committed a crime.
ASSIGNMENT OF ERROR NO. 1
By this assignment, defendant contends that the trial court erred in denying his Writ of Habeas Corpus.
Under LSA-C.Cr.P. Art. 924.1, an application for post-conviction relief shall not be entertained if the petitioner may appeal the conviction and sentence which he seeks to challenge, or if an appeal is pending. A defendant must first exhaust whatever appellate rights he has. Post-conviction relief is not designed to take the place of an appeal. Therefore, the defendant’s application for a Writ of Habeas Corpus was premature.
On the basis that the defendant’s application for Writ of Habeas Corpus was premature, the trial court correctly denied the *787 application, without merit. This assignment of error is
ASSIGNMENT OF ERROR NO. 2
By this assignment, the defendant contends that his trial counsel failed to reveal supporting statements that defendant was not involved in the crime. In essence, defendant contends that he was denied effective assistance of counsel.
The issue of ineffective assistance of counsel is more properly raised by Writ of Habeas Corpus. State v. Prestridge, 399 So.2d 564 (La.1981); State v. Williamson, 389 So.2d 1328 (La.1980). This procedure enables the district judge, in a proper case, to order a full evidentiary hearing to determine whether counsel was in fact ineffective. State v. Barnes, 365 So.2d 1282 (La.1978).
Defendant’s prior Writ of Habeas Corpus application was premature and no hearing on the issue of ineffective assistance counsel was held. Therefore, there is no evidence in the record from which this court might review defendant’s claim.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3
By this assignment, the defendant contends that the trial court erred in imposing sentence immediately after his plea of guilty and by failing to order a presentence investigation. Defendant contends that his counsel did not waive the three day delay between the plea and the sentence.
Statutory delays for sentencing do not apply to pleas of guilty in which case the sentence may be imposed immediately. LSA-C.Cr.P. Art. 873; State v. Jackson, 362 So.2d 1082 (La.1978). Therefore, the trial court did not err by immediately imposing sentence.
The defendant also has contended that the trial court erred in failing to order a presentence investigation. The ordering of a presentence investigation lies within the discretion of the trial court under LSA-C.Cr.P. Art. 875(A)(1). State v. Wimberly, 414 So.2d 666 (La.1982); State v. Bell, 377 So.2d 275 (La.1979). There does not appear to have been a request by either the state or the defendant for a presentence investigation. We do not find any abuse of the trial court’s discretion.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 4
By this assignment of error, the defendant contends that the trial court erred in allowing the state to prosecute the defendant by a bill of information rather than by grand jury indictment. Defendant further contends that he did not waive indictment in an open court.
Pursuant to LSA-C.Cr.P. Art. 382, a prosecution for an offense punishable by death, or for an offense punishable by life imprisonment, shall be instituted by indictment by a grand jury. Other criminal prosecutions in a district court shall be instituted by indictment or by information.
The defendant was charged by bill of information with attempted second degree murder and armed robbery. The maximum possible term of imprisonment for attempted second degree murder, under LSA-R.S. 14:27, 14:30.1, is imprisonment at hard labor for not more than fifty years. The maximum possible term of imprisonment for armed robbery, LSA-R.S. 14:64, is imprisonment at hard labor for not more than 99 years. Since neither crime is punishable by death or life imprisonment, the state was not required to institute prosecution by indictment. Therefore, the prosecution of the defendant in the present case by bill of information was proper.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 5
By this assignment, the defendant contends that the state failed to prove beyond a reasonable doubt that the defendant had the requisite specific intent to have violated or committed a crime.
A plea of guilty waives all non-jurisdictional defects in the proceedings pri- or to the plea, except those represented by *788 a qualified plea which are conditioned upon reservation of specified pre-plea errors. State v. Crosby, 338 So.2d 584 (La.1976). Additionally, a plea of guilty constitutes an intelligent waiver of appellate review of the prosecution’s case against him. State v. Hathaway, 411 So.2d 1074 (La.1982). Therefore, defendant waived appellate review of this assignment of error by pleading guilty.
This assignment of error is without merit.
DECREE
Finding no merit to defendant’s assignments of error, the defendant's conviction and sentence are affirmed.
AFFIRMED.