FORET, Judge.
Defendant, Edmond Lee Anderson, was charged by a grand jury indictment with the crime of second degree murder, a violation of LSA-R.S. 14:30.1. Defendant was tried before a twelve-member jury and found guilty as charged by unanimous verdict. The trial court sentenced defendant to the mandatory term of life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. Defendant applied for and was granted an out-of-time appeal.
The defense has filed two assignments of error in which it is claimed that (1) the defendant received ineffective assistance of counsel and (2) that there was insufficient evidence to prove beyond a reasonable doubt that the defendant was not acting in self-defense.
FACTS
On December 23, 1982, a shooting occurred at the Miss Lady Lounge in Eunice, Louisiana. The victim, David Vigors, was shot twice and died from a massive hemorrhage in the left side of the chest. Defendant, Edmond Lee Anderson, admitted shooting Vigors, but claimed that he shot Vigors because he was afraid that Vigors would harm him. Defendant discharged a .38 caliber pistol three times, hitting the victim twice. One bullet entry wound was in the back below the angle of the shoulder and another entry wound was in the left front chest.
The victim was unarmed. The first police officer to arrive on the scene found the victim lying on his back. The officer searched the victim and inspected the immediate area but found no weapons. None of the witnesses to the shooting claim to have seen the victim with a weapon.
Shortly before the shooting, defendant had called the victim over to his table. Defendant and the victim had had a conversation which one witness characterized as an argument. As the victim walked away from defendant’s table, defendant shot him.
ASSIGNMENT OF ERROR NO. 1
In this assignment of error, defendant argues that he received ineffective assistance of counsel. A claim of ineffective assistance of counsel should, generally, be raised by a petition for a writ of habeas corpus. This allows the district judge, in a proper case, to order a full evidentiary hearing. State v. Barnes, 365 So.2d 1282 (La.1978); State v. Brown, 384 So.2d 983 (La.1980). Although an appellate court may, in the interest of judicial economy, *1082 decide the issue of ineffective assistance of counsel when that issue has been raised by assignment of error on appeal, it should do so only when the record discloses evidence sufficient for the determination of that issue. State v. Ratcliff, 416 So.2d 528 (La. 1982). In the case now before us, the record does not contain sufficient evidence for a determination of defendant’s claim. Accordingly, we will not consider defendant’s first assignment of error.
ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant contends that the evidence presented at trial was insufficient to prove that he had not acted in self-defense. We have closely examined the record and conclude that, contrary to defendant’s contention, the evidence was sufficient to refute defendant’s claim of self-defense.
The standard of review when an appellate court examines the sufficiency of evidence is whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have concluded beyond a reasonable doubt that there was proof of each element of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984). When a defendant raises a claim of self-defense, the State has the burden of proving beyond a reasonable doubt that he did not act in self-defense. State v. Martin, 458 So.2d 454 (La.1984); State v. Lynch, 436 So.2d 567 (La.1983). The effect of this is that the jury’s decision to reject the defendant’s claim of self-defense must be scrutinized using the Jackson v. Virginia standard of review.
Although defendant admitted that he shot the victim, he maintained that he was afraid the victim was going to do him bodily harm. He claimed that the victim was approaching him with his hand in his back pocket and that the victim had a reputation for attacking people with a knife. However, there is no evidence that the victim was armed. No weapon was found by the investigating officers and several witnesses testified that at the time the defendant shot the victim, the victim had nothing in his hands. A number of witnesses testified that the victim made no threatening moves before the shooting. One witness for the defense, Jane Poullard, testified that the victim was walking away from the defendant when the first shot was fired. Her testimony received some corroboration from the testimony of the St. Landry Parish coroner, who testified that one of the entry wounds was 6n the back of defendant.
Viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that the defendant had not acted in self-defense. This assignment of error is without merit.
DECREE
For the foregoing reasons, the conviction and sentence of defendant are affirmed.
AFFIRMED.