GAUDIN, Judge.
Johneil Coolie was convicted in the 24th Judicial District Court of aggravated rape, aggravated burglary, aggravated crime against nature and armed robbery.
He was sentenced as follows:
Aggravated rape — life imprisonment;
Aggravated burglary — 20 years at hard labor;
Aggravated crime against nature — 10 years at hard labor; and
Armed robbery — 40 years at hard labor.
All of these sentences are to run concurrent. They are to be served without benefit of parole, probation or suspension of sentence with the exception of the 20 years for aggravated burglary because LSA-R.S. 14:60 does not permit sentences to be imposed without benefit of parole, probation or suspension of sentence.
Coolie does not argue on appeal that his conviction was based on insufficient evidence. His only assignment of error is that these sentences are constitutionally excessive. He cites State v. Sepulvado, 367 So.2d 762 (La.1979), which held that a sentence within statutory limits may nonetheless be excessive; and also State v. Sims, 410 So.2d 1082 (La.1982), and State v. Telsee, 425 So.2d 1251 (La.1983).
In sentencing Coolie, the trial judge said: “... Johneil Coolie, after a trial by a jury of your peers you have been convicted of the crimes of aggravated burglary, aggravated crime against nature, armed robbery, and aggravated rape. All of which crimes arose out of one incident or set of circumstances. I pay particular attention to the sentencing guidelines I must follow under Article 894.1 of the Criminal Code of Procedure. I do feel that there is an undue risk during a period of probation which is really not applicable here anyway but if it were I would feel that you would present an undue risk. No question in my mind you are in need of correctional treatment in a custodial environment and most of all I guéss I feel that a lesser sentence would *1049 depreciate the seriousness of your crime. Although none of these things are really applicable because under the law I must sentence you as I must.”
Aggravated rape is defined in LSA-R.S. 14:42. A conviction carries with it this penalty:
“Whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence.”
(Underlining provided.)
In State v. Foley, 456 So.2d 979 (La.1984), the Supreme Court of Louisiana, citing earlier cases with similar holdings, stated that a mandatory life sentence for aggravated rape is a valid exercise of legislative prerogative concerning the length of sentences for crimes classified as felonies.
Then, in Foley, our Supreme Court discussed Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), wherein the Supreme Court of the United States found a life sentence given to a defendant in South Dakota excessive. The state statute excluded the possibility of parole.
From Foley:
“Helm held that ‘a criminal sentence must be proportionate to the crime for which the defendant has been convicted. Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determing the types and limits of punishments for crimes.... But no penalty is per se constitutional.’ 103 S.Ct. at 3009-3010. The Helm court set forth the following objective factors to guide reviewing courts: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentence imposed for commission of the same crime in other jurisdictions. While requiring proportionality analysis, even in noncapital cases, Helm did point out that, ‘[ojutside the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare.’ 103 S.Ct. at 3009.”
Applying these factors to the instant case, as the Supreme Court of Louisiana did in Foley, we do not find Coolie’s life sentence excessive. As the penalty provision is mandatory, all defendants convicted of aggravated rape receive the sentence given Coolie.
Coolie made an unauthorized entry into the victim’s residence, threatened her with a pistol, tied her up, blindfolded her and raped her. The victim testified that Coolie “... told me not to scream or he would blow my head off ...”
A second person, later identified as Issac Picot, entered the victim’s house and he, too, raped the victim. Both intruders, according to the victim, "... made me have oral sex.”
The two men asked the victim if she had any valuables. The victim said:
“... I told them that I didn’t have anything like that and I told them that I didn’t have anything and they hit me on the head with the gun and I told them that I had — it was my rent money and I had just brought some clothes and they took that and they took a camera.”
The victim was asked if she was certain in her identification of Coolie and she replied:
“I will never forget his face. I am positive that is him.”
During the sentencing of Coolie and Picot, who was also convicted, the trial judge pointed out to Picot:
“The crime as I heard it was a particularly brutal one. You and your co-defendant (Coolie) chose to have one moment of excitement or whatever at the expense of a woman whom you have probably ruined for life.”
In Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), the United States Supreme Court expressed its opinion on rape:
“It is highly reprehensible both in a moral sense and in its almost total contempt ... of the female victim and for the *1050 latter’s privilege of choosing those with whom intimate relationships are to be established. Short of homicide, it is the ultimate violation of self.”
In Foley, the Supreme Court of Louisiana quoted from Coker and stated:
“Aggravated rape inflicts mental and psychological damage to its victim and undermines the community sense of security. Defendant’s argument that his victim has suffered no lasting psychological damage is unsubstantiated. Aggravated rape deserves a harsh penalty; it is one of the most violent felonies a person can commit.”
If Coolie’s sentence to life imprisonment without benefit of parole, probation or suspension of sentence is not constitutionally excessive, we see no purpose in considering the alleged excessiveness of the lesser sentences which are to run concurrent with the life sentence.
Finally, we have examined the record for errors patent. Finding none, we affirm the district court sentences imposed on appellant.
AFFIRMED.