508 So.2d 859 (1987)
STATE of Louisiana
v.
Lonney H. CREEL.
No. 87-KA-131.
Court of Appeal of Louisiana, Fifth Circuit.
June 1, 1987.
*860 John H. Craft, Twenty-Fourth Judicial Dist. Indigent Defender Bd., Gretna, for appellant.
John M. Mamoulides, Dist. Atty., Twenty-Fourth Judicial Dist. Eric Honig, Asst.
Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Louise Korns, of counsel, Gretna, for appellee.
Before CHEHARDY, C.J., and KLIEBERT and GRISBAUM, JJ.
CHEHARDY, Chief Judge.
This appeal arises from the defendant's conviction by a jury of aggravated rape and from his sentence of life imprisonment without benefit of probation, parole or suspension of sentence. At the time the offense was committed defendant was 15-½ years old. He was tried as an adult under the authority of L.S.A.-R.S. 13:1570. We affirm.
On appeal defendant asserts four assignments of error. Defendant contends the evidence was insufficient to justify the verdict, and that the sentence was unconstitutionally excessive. He further asserts the trial court improperly restricted cross-examination of the victim and requests the court to review the record for error patent.
The evidence at trial showed that the victim was abducted at knife point on the evening of March 17, 1986. The abduction occurred in a parking lot of a local drug store, where the perpetrator (later identified as defendant) forced the victim into her vehicle after she exited the drugstore. With the victim driving, the defendant stated he was hungry and told the victim to find a place to eat. He subsequently changed his mind and told her to drive to a trailer park where he said he was going to obtain some "dope." As the victim was driving through the trailer park, she suddenly realized what was going to happen, so she put the car into reverse. Defendant, in response, put the knife to her side and said, "Don't stop the car or I'll kill you." He then placed the automatic shift in the park position which caused the vehicle to spin. After the vehicle stopped he ordered the victim to get into the back seat and remove her clothing. As she was complying with defendant's demand, he undressed in the front seat, then climbed into the back where he began to masturbate. He then forced his victim to have sexual *861 intercourse with him. However, he was unable to maintain an erection and he withdrew, at which time he began to masturbate again. He still was unable to maintain an erection so he ordered the victim to dress. As she did so, defendant drove the car away from the scene. When he reached the front of the trailer park he stopped and ordered the victim, who had climbed into the front seat, out of the car. As the victim was leaving, she noticed she had been sitting on the knife. Surreptitiously, she slipped it into her purse and exited the car. When defendant left, she ran to a trailer to get assistance. Tanya Blanchard let her in and called police after listening to the victim's story. The police arrived and took the victim to the hospital for tests. Later the victim was taken to the police department when she gave a composite of the suspect. The next morning, the defendant was apprehended while driving the victim's vehicle. He was arrested and brought to the police station. While there, the victim identified defendant as the perpetrator.
In defendant's first assignment of error, defendant argues the standard of review for determining the sufficiency of the evidence was not met. He further argues that the evidence, at most, required a finding of guilt of forcible rape, a lesser included offense of aggravated rape.
The standard of review for determining sufficiency of the evidence is whether reviewing it in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under L.S.A.R.S. 14:41 and 14:42 the essential elements of aggravated rape require the commission of an act of anal or vaginal intercourse, that the victim was not the offender's spouse and that the act was deemed to have been committed without the victim's consent because of one or more of five factors. The factors negating consent under L.S.A.-R.S. 14:42 are:
(1) When the victim resists the act to the utmost, but whose resistance is overcome by force.
(2) When the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.
(3) When the victim is prevented from resisting the act because the offender is armed with a dangerous weapon.
(4) When the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.
(5) When two or more offenders participated in the act.
The definition of forcible rape is similar to the definition of aggravated rape. See L.S. A.-R.S. 14:42.1. In explaining the difference between the statutes, the Louisiana Supreme Court has held that a distinction can be made based on the "degree of force employed and the extent to which the victim resists". State v. Parish, 405 So.2d 1080 (La.1981); State v. Sosa, 446 So.2d 429 (La.App. 4th Cir.1984), writ denied 450 So.2d 361 (La.1984), cert. denied, Sosa v. Louisiana, 469 U.S. 866, 105 S.Ct. 209, 83 L.Ed.2d 140 (1984). In Sosa the court found that a screwdriver used to threaten the victim constituted a dangerous weapon. Since defendant had the ability to execute his threats, the court found the grey area between aggravated and forcible rape did not exist and concluded defendant's actions constituted aggravated rape.
In the trial of this matter, the victim testified she was not the defendant's spouse. In regard to the rape she testified she was forced into her car at knife point and was verbally threatened prior to the rape. She stated that, while she was undressing in the rear of the car, all thoughts of escape fled when "he turned around and stared into my eyes and I looked into his eyes to see what my chances were ... and he looked there was too much anger there. I couldn't pull away." She added defendant also told her if she cooperated she would not get hurt. The victim further testified that the defendant sexually penetrated her vagina.
The victim positively identified the defendant at the police station and at trial. She testified she saw defendant's face *862 clearly in the drugstore parking lot off and on during the time she was with defendant.
Other evidence at trial produced through the testimony of the examining physician, and the forensic biologist for the Jefferson Parish Sheriff's Office, showed the victim had experienced sexual intercourse. However, blood and saliva tests and tests on the seminal stain on the victim's underwear were inconclusive, and thus the experts were unable to scientifically connect the evidence to defendant. Likewise, fingerprints taken from the vehicle failed to provide evidence against defendant since they were unidentifiable.
Finally, Mrs. Blanchard and the investigating officer testified that the victim was emotionally upset shortly after the incident. In the words of the deputy, the victim was hysterical, although she later calmed down sufficiently to assist in the production of a composite drawing of the perpetrator.
In the present case, the evidence at trial established the victim was raped and that defendant was armed with a dangerous weapon. We find, as in Sosa, the gray area between aggravated rape and forcible rape does not exist in this case. Further, viewing the evidence under the Jackson standard of review, we conclude the essential elements of the crime were proven beyond a reasonable doubt.
In defendant's second assignment of error, he contends the sentence was excessive. While recognizing the sentence is within statutory bounds, he, nonetheless, asserts a life sentence is a violation of the prohibition of excessive punishment under the Louisiana Constitution, considering defendant's age (15-½ years) and the facts surrounding the commission of the offense.
L.S.A.-R.S. 13:1570(A)(5) specifically provides that juveniles are to be treated as adults in aggravated rape cases. That statute and the mandatory life sentence has been held to be a valid exercise of the legislature's police power. State v. Foley, 456 So.2d 979 (La.1984). See also State v. Coolie, 483 So.2d 1048 (La.App. 5 Cir.1985), writ den. 493 So.2d 1216 (La.1986). The courts have further held the mandatory sentence of life imprisonment without benefit of parole, probation or suspension of sentence for the conviction of aggravated rape is not a constitutionally excessive sentence. State v. Prestridge, 399 So.2d 564 (La.1981); State v. Talbert, 416 So.2d 97 (La.1982); State v. Coolie, supra. That determination has been extended to aggravated rape convictions involving juveniles. State v. Foley, supra; State v. Hills, 354 So.2d 186 (La.1977). Consequently, we find the defendant's sentence is not constitutionally excessive and was properly imposed as mandated by law.
Defendant's third assignment of error asserts the trial court erred in restricting cross-examination of the victim in regard to a civil suit she purportedly instituted against the defendant's parents for the harm she suffered from the rape. Defendant contends the trial judge's refusal to allow the inquiry constituted an improper curtailment of the right to confrontation, and prevented him from impeaching the victim's credibility on the basis of bias.
L.S.A.-R.S. 15:486 provides that the parties in a criminal action have the right to impeach the testimony and credibility of every witness sworn on behalf of the other side. L.S.A.-R.S. 15:492 states further that:
"When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly admit such fact, any other witness may be examined to establish the same."
The right to impeach for bias, interest, or corruption is a broad right dictated not only by L.S.A.-R.S. 15:492 but also by the statutory right to full cross-examination. State v. Jenkins, 456 So.2d 174 (La.App. 2 Cir.1984), writ den. 460 So.2d 1043 (La. 1984). See also State v. Nash, 475 So.2d 752 (La.1985). The bias sought must, however, be personal in nature and the interest particular to the case, and biases too irrelevant or remote to the issues are improper *863 as impeachment. State v. Robinson, 337 So.2d 1168 (La.1976).
State v. Kellogg, 350 So.2d 656 (La.1977) and State v. Pettaway, 450 So.2d 1345 (La. App. 2 Cir.1984), writ den. 456 So.2d 171 (La.1984), involved inquiries into a witness' civil action filed in connection with a criminal prosecution. In State v. Kellogg, defendant was on trial for aggravated battery. The trial court refused to allow defense counsel to inquire into the victim's civil action against defendant. The Louisiana Supreme Court reversed the conviction and remanded after determining the refusal was improper in light of the fact the testimony of the only eye-witnesses, the victim, his wife and defendant, were conflicting. A contrary result was obtained in State v. Pettaway, supra. There the witness sought to be impeached was a psychiatrist called to rebut an insanity defense in an attempted murder prosecution. In that case, the defense attempted to question the doctor about a civil action filed against the psychiatrist by the victim and his family. The inquiry there was held properly denied because the doctor exhibited no knowledge of any civil action at the time he testified.
After reviewing the cases cited, and the pertinent statutes, we conclude defendant is correct that such an inquiry falls within the scope of cross-examination and the right to impeach an opposing witness' credibility. However, we also note that the underlying rationale of the cited cases concerned the effect of the omission on the jury's verdict. In Pettaway, the omission was harmless in light of the psychiatrist's lack of knowledge of any civil suit. In Kellogg, the omission was prejudicial considering the conflicting testimony of the defendant as opposed to the potentially biased victim and his potentially biased wife.
In this case, we must conclude the trial court erred in not allowing an inquiry into the victim's civil action based on the jurisprudence and statutes pertaining to the issue. However, unlike State v. Kellogg, supra, we do not find the omission prejudicial since here the evidence was totally uncontradicted. Thus, while the trial court's restriction on defendant's cross-examination was error, we find it was harmless error and, as such, does not require a reversal. L.S.A.-C.Cr.P. 921.
Finally, defendant requests this court to review the record for patent error. We have undertaken a thorough review of the record pursuant to L.S.A.-C.Cr.P. art. 920 and find no errors patent.
Accordingly, the defendant's conviction and sentence are hereby affirmed.
AFFIRMED.