524 So.2d 264 (1988)
STATE of Louisiana
v.
Kevin BROWN.
No. 87-KA-741.
Court of Appeal of Louisiana, Fifth Circuit.
April 18, 1988.
*265 John M. Mamoulides, Dist. Atty., Dorothy Pendergast, John Messina, Asst. Dist. Attys. (Louise Korns, of counsel, Office of the Dist. Atty.), Gretna, for plaintiff-appellee.
Bruce Whittaker, Gretna, for defendant-appellant.
Before KLIEBERT, GRISBAUM and DUFRESNE, JJ.
DUFRESNE, Judge.
The defendant, Kevin Brown, was charged by Bill of Information with Aggravated Rape, R.S. 14:42 and Aggravated Burglary, R.S. 14:60. He pled not guilty to both charges and was tried by a jury and found not guilty of aggravated burglary and guilty of aggravated rape. The district judge ordered a pre-sentence investigation and on June 25, 1987, sentenced the defendant to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. This appeal followed and the appellant alleges that his sentence is excessive.

FACTS
On December 26, 1986, Kevin Brown had sexual intercourse with C.T. The victim was eleven years old at the time. (There was some evidence to indicate defendant had a knife at the time). Following the act of intercourse defendant left C.T.'s room and exited the house. C.T. awoke her mother and told her that there was a man in the house. When the police came, C.T. told them that she was raped by Kevin Brown. An arrest warrant for the defendant was issued. He subsequently turned himself in and gave a statement to the officer admitting an act of intercourse but denied knowledge of the victim's youth.

EXCESSIVENESS OF SENTENCE
Defendant was convicted of aggravated rape. R.S. 14:42(C) provides the penalty: "Whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without benefit of parole, probation or suspension of sentence."
The mandatory life sentence for aggravated rape is a valid exercise of the State Legislature's prerogative to determine the length of sentence for crimes classified as felonies. State v. Prestridge, 399 So.2d 564 (La.1981); State v. Foley, 456 So.2d 979 (La.1984); State v. Creel, 508 So.2d 859 (La.App. 5 Cir.1987). A mandatory sentence of life imprisonment without benefit of parole, probation or suspension of sentence for the conviction of aggravated rape is not a constitutionally excessive sentence. State v. Prestridge, supra, State v. Creel, supra.
Although the trial judge noted that the sentence was excessive under the circumstances of the offense, the judge had no choice but to impose the mandatory sentence.
*266 Defendant urges this court to impose the next most severe sentence. In order for this court to do so, it would require vacating the prior verdict on the basis of insufficiency of the evidence.
Defendant argues that the victim consented to the sexual intercourse. He also contends that he did not know the victim was under the age of twelve.
R.S. 14:42 defines aggravated rape as:
A. Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) When the victim resists the act to the utmost, but whose resistance is overcome by force.
(2) When the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.
(3) When the victim is prevented from resisting the act because the offender is armed with a dangerous weapon.
(4) When the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.

(5) When two or more offenders participated in the act. [emphasis added]
The statute clearly states that the lack of knowledge concerning the victim's age is not a defense. It also provides that all sexual intercourse where the victim is under twelve years of age is deemed to be without consent. Accordingly, the statement of facts indicates the evidence in this matter is legally sufficient to support the jury verdict of aggravated rape and thus the resultant life sentence was properly imposed.
This assignment of error is without merit.
The appellant has also urged that we review the entire record for errors patent. The following errors patent are noted:
I. INDICTMENT
The record reveals an error in the form of the indictment, namely that there is no numerical citation of the statute which the defendant is charged with violating. However, the indictment does state the essential facts constituting the offense charged. The cover of the indictment does state the numerical citation.
The Code of Criminal Procedure Article 464 sets out the requirements of the indictment:
The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omisssion shall not be grounds for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. [emphasis added]
This issue was addressed by the Louisiana Supreme Court in State v. Sims, 426 So.2d 148 (La.1983). "Failure to cite the correct criminal statute number is a technical deficiency in the bill of information which is not grounds for reversal unless the defendant can show surprise or lack of notice which causes prejudice", at 158.
It is obvious that the defendant was not misled or surprised by the offense charged.
II. THE COMMITMENT
The commitment signed by the trial judge fails to credit the defendant with the time served awaiting trial as mandated by C.Cr.P. art. 880.
Accordingly, we will correct the sentence and commitment.
No other errors patent are present in the record.
We affirm Brown's conviction and sentence, however, he is to be given credit for time served in accordance with C.Cr.P. art. 880.
CONVICTION AFFIRMED, SENTENCE CORRECTED AND AFFIRMED.