CHEHARDY, Chief Judge.
Herbert J. McDowell, defendant, was charged by true bill with second degree murder, a violation of LSA-R.S. 14:30.1. He entered a not guilty plea at his arraignment and subsequently was tried by a jury, which found him guilty of the lesser-included offense of manslaughter. He was sentenced to fourteen years’ imprisonment at hard labor. The defendant has appealed.
McDowell’s only assignment of error is any error patent on the face of the record, although he has not pointed out any such errors in his appellate brief. In reviewing the record we have found two patent errors, but neither presents sufficient ground for reversal.
FACTS
During the weekend of September 19, 1987, Herbert McDowell’s cousin, William Baldwin, introduced him to Hosea Tobias, who was a narcotics dealer. McDowell arranged for Tobias to supply him with cocaine to sell in Mississippi, with McDowell to pay back Tobias after the drugs were sold.
The following week, having received a package of cocaine from Tobias, McDowell returned to his home in Mississippi. Baldwin and Demsey Ivy, another cousin, accompanied him. They visited relatives and did some rifle-shooting. Baldwin noticed that McDowell used a .380 automatic handgun.
On September 29, 1987, after all three men had returned to Jefferson Parish, McDowell assisted Baldwin in moving to a new apartment, using McDowell’s gray Chevrolet pickup truck. At some point during the day, Tobias arrived and helped them with the furniture. After they finished moving, Tobias told Baldwin to bring McDowell to his apartment before he left town. Then Baldwin and Ivy drove to To-bias’ place in Baldwin’s LTD automobile, while McDowell followed in his truck. After giving McDowell directions to get home from there, Baldwin and Ivy left.
Baldwin testified that Tobias told him the package of cocaine he had given McDowell was worth $500. Baldwin knew that McDowell was going to Tobias’ apartment on the day of the murder to pay Tobias.
When McDowell arrived, Tobias was talking to a neighbor, Debbie Hall, in the parking lot. The two men then went into Tobias’ apartment. Ms. Hall began talking to another neighbor, Joyce Willis, who was also out in the parking lot. Both women had noticed the arrival of Baldwin’s LTD and McDowell’s gray Chevrolet pickup truck. Willis took down the license number of the pickup truck because it was unusual for that type of vehicle to appear in their parking lot.
At one point the two women heard a noise that sounded like gunshots, but they were not certain what the sound was. Hall tired of waiting for Tobias to return, so she *756 went back to her apartment. Willis saw McDowell leave Tobias’ apartment. Later, she saw Baldwin drive up again in his LTD; he got out and knocked on Tobias’ door. When no one answered, Baldwin drove away.
Knowing Tobias had not left, Willis knocked on his door, which opened. Willis’ dog ran into the apartment and she entered the apartment to retrieve the dog. She found Tobias dead on the floor, whereupon she called the police.
The coroner determined that Tobias had been killed by a gunshot wound to the head that entered through the back of his skull and exited through his right eye. The police found a spent casing on the floor near Tobias and a .380 caliber bullet imbedded in his stereo set, which was near where Tobi-as lay when his body was found.
Willis gave the police the license number for the truck she had seen, but she did not know who the driver was. Hall, on the other hand, knew both McDowell and Baldwin; although she first identified Baldwin as the driver of the truck, she later recalled that Baldwin had been driving the LTD.
After interviewing Baldwin, the police determined he had been driving a car and not the truck. The license plate number Willis gave differed by one digit from that on McDowell’s vehicle. After Willis identified McDowell from a photographic lineup as the man she saw exit Tobias’ apartment, McDowell was arrested. Ivy told police he had seen McDowell with a gun on the day of the murder.
McDowell’s story was that he told Tobias he did not have all the money for the cocaine with him, but would pay him $75 that day and would return the following weekend. He said Tobias told him it was no problem and he could pay him later. McDowell claimed he left then and returned to Mississippi. He denied owning a .380 caliber gun.
ASSIGNMENT OF ERROR NUMBER ONE
“Any error patent on the face of the record.”
LSA-C.Cr.P. art. 920 states,
“The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
For the purpose of an error patent review the “record” in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Wiggins, 518 So.2d 543 (La.App. 5 Cir.1987).
Two errors appear on the face of this record. First, there is an error in the form of the indictment, in that it does not contain a numerical citation of the statute the defendant is charged with violating. The indictment does, however, state the essential facts constituting the offense charged and the cover of the indictment does contain the numerical citation.
LSA-C.Cr.P. art. 464 sets out the following requirements for the indictment:
“The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.”
This issue was addressed by our Supreme Court in State v. Sims, 426 So.2d 148, 158 (La.1983): “Failure to cite the correct criminal statute number is a technical deficiency in the bill of information *757 which is not ground for reversal unless the defendant can show surprise or lack of notice that causes prejudice.” See also, State v. Brown, 524 So.2d 264 (La.App. 5 Cir.1988).
It is obvious the defendant was neither misled nor surprised by the offense charged. Accordingly, this error was harmless.
The second patent error is the trial judge’s failure, when sentencing the defendant, to give him credit for time served, as mandated by LSA-C.Cr.P. art. 880. This error, although not cause for reversal of the sentence, requires correction. Because it does not entail judicial discretion, however, we need not remand the matter for resentencing. Instead, we need only order the district court to correct the error. State v. Fraser, 484 So.2d 122 (La.1986).
For the foregoing reasons, the defendant’s conviction is affirmed. The district court is hereby ordered to correct the minute entry and commitment to reflect that the defendant is to be given credit against his sentence for time served. As corrected, the sentence is affirmed.
CORRECTION OF SENTENCE ORDERED AND, AS CORRECTED, CONVICTION AND SENTENCE AFFIRMED.