593 So.2d 1372 (1992)
STATE of Louisiana
v.
Hiram DORSEY.
No. 91-KA-736.
Court of Appeal of Louisiana, Fifth Circuit.
January 31, 1992.
*1373 Harry J. Morel, Jr., Dist. Atty., Kurt Sins, and Gregory Champagne, Assistant Dist. Attys., Hahnville, for plaintiff-appellee.
Randy O. Lewis and Kirk R. Granier, Luling, for defendant-appellant.
Before BOWES, GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
The grand jury returned an indictment charging the defendant, Hiram Dorsey, with three counts of distributing cocaine, in violation of LSA-R.S. 40:967A(1). The defendant entered a not guilty plea to each count at his arraignment. Prior to trial, the state dismissed two of the distribution counts. The case proceeded to trial on the remaining count, and the jury found the defendant guilty of the lesser crime of attempted distribution of cocaine. When the defendant appeared for sentencing, the state presented a multiple offender bill against him, alleging that the defendant was a fourth time felony offender. After the parties reached an agreement, the state dropped one of the prior felonies alleged in the multiple bill; and the defendant admitted that he was a third time felony offender. The trial judge sentenced the defendant to serve ten years at hard labor. A timely appeal motion was filed by the defendant and granted by the trial court.

FACTS
Working as an undercover narcotics officer with the St. Charles Parish Sheriff's Office, Don Carter acquainted himself with several people supposedly involved in selling illegal drugs and he circulated the word that he was interested in buying such drugs. On the evening of March 30, 1990, Deputy Carter was driving around the Boutte area as part of his undercover duties. Hiram Dorsey, the defendant, was standing near a pay telephone alongside the road and saw the undercover officer approaching. He flagged down Carter and got into the officer's vehicle. The defendant told Deputy Carter that he knew someone who could sell the officer some cocaine. Carter expressed interest and the defendant directed him to drive along a specified route to a certain residence. The defendant then spoke with someone at that residence who indicated that he did not have any cocaine to sell but, in turn, introduced another man who offered to sell Deputy Carter some crack cocaine. With the defendant monitoring the transaction, Deputy Carter purchased cocaine from the seller. The defendant was arrested and charged with being a principal in that drug sale. The jury, however, returned a verdict finding the defendant guilty of the lesser included offense of attempted distribution of cocaine.
ASSIGNMENT OF ERROR NUMBER ONE
The trial court erred in failing to grant defendant's Motion for Post Verdict Judgment of Acquittal or alternatively New Trial.
Discussion
After his conviction, the defendant filed a Motion for Post Verdict Judgment of Acquittal or New Trial. He alleged in that motion that the evidence presented at trial was legally insufficient to prove that the defendant had the specific intent to distribute cocaine, a necessary element of attempted distribution crime.
The minute entries indicate that the motion was fixed for hearing on April 17, 1991. Neither the minute entry nor the transcript of the proceedings for that date reflect a hearing or ruling on the motion. The written motion itself, as filed in the record, does not bear any indication of disposition by the trial court. Therefore, absent the defendant's contention that the trial court denied the motion, this assignment of error does not present for review a *1374 final judgment or ruling appealable under La.C.Cr.P. art. 912. Remand of the case to obtain a ruling on the motion is not a possible remedy for this defect because motions for post verdict judgments of acquittal and motions for new trial must be disposed of prior to sentencing. La.C.Cr.P. arts. 821A and 853. However, in the interest of justice, we address this assignment on the theory that the trial court constructively denied the motion by sentencing the defendant without ruling on the motion.
Under La.C.Cr.P. art. 821B, a defendant is entitled to a post verdict judgment of acquittal only if the trial court finds that the evidence, when viewed in a light most favorable to the state does not reasonably permit a finding of guilty. That article codifies the Jackson v. Virginia[1] standard for sufficiency of the evidence, State v. Smith, 441 So.2d 739 (La. 1983). While a motion for a post verdict judgment of acquittal addresses itself to the legal sufficiency of the evidence, a motion for a new trial alleging that the verdict is contrary to the law and the evidence, under La.C.Cr.P. art. 851(1), seeks an assessment of only the weight of the evidence. State v. Seay, 521 So.2d 1206 (La. App. 2nd Cir.1988). On appeal, the defense contends that the evidence was legally insufficient to prove beyond a reasonable doubt the specific intent element required to support the defendant's conviction, under LSA-R.S. 14:27 and 40:967A(1).
LSA-R.S. 14:27A defines criminal attempt in the following manner:
Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
Specific intent to commit an offense is an element of an attempted crime. Because it is a state of mind, specific intent need not be proven as a fact, but may be inferred from the circumstances of the transaction and the defendant's action or inaction. State v. Doby, 540 So.2d 1008 (La.App. 2nd Cir.1989).
The evidence presented at trial in this case shows that the defendant flagged down Deputy Carter and stated that he knew someone who would sell cocaine to the undercover officer. The defendant then got into Deputy Carter's vehicle and guided him to the residence of the drug seller known by the defendant. Although that particular individual was then unable to sell any drugs to Deputy Carter, he introduced another drug seller at that location who offered and sold cocaine to the officer.
The foregoing evidence supports the jury's verdict of guilty of attempted distribution of cocaine. The jury, as a rational trier of fact, certainly could have concluded from this evidence that the defendant had specific intent to distribute cocaine and that the state proved the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Morris, 508 So.2d 608 (La.App. 2 Cir.1987). The trial court properly "denied" the defendant's motion for a post verdict judgment of acquittal or new trial.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER TWO
The trial court erred in failing to grant defendant's motion for mistrial after the state introduced inadmissible evidence of other crimes.
Discussion
During his examination of Deputy Carter, the prosecutor asked about the defendant's unsuccessful attempt to purchase cocaine from an individual referred to as "Big Tommy". Defense counsel objected and moved for a mistrial under La.C.Cr.P. *1375 art. 770(2), contending that the prosecutor's questioning constituted prejudicial references in the jury's presence to inadmissible other crimes evidence. The prosecutor responded that the unsuccessful drug purchase from Big Tommy was res gestae and was thus admissible. The trial judge overruled the objection and denied the defense motion for a mistrial. However, the judge sternly cautioned the prosecutor against the use of any inadmissible other crimes evidence.
Under former provisions LSA-R.S. 15:447 and 448, the res gestae doctrine broadened its scope to include not only spontaneous utterances and declarations made before and after commission of the crime, but also testimony of witnesses and police officers pertaining to what they heard or observed before, during or after commission of the crime, if the continuous chain of events is evidence under the circumstances. State v. Kimble, 407 So.2d 693 (La.1981); State v. Clark, 529 So.2d 1353 (La.App. 5th Cir.1988). Those statutes have been supplanted by Article 404B(1) of the Louisiana Code of Evidence which provides that other crimes evidence is not admissible to show that a person acted in conformity with his/her bad character. However, that article also makes it clear that other crimes evidence is admissible for other purposes, such as "when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding." Comment (M) to L.C.E. art. 404 states that the quoted language was formulated as a substitute for the ambiguous "res gestae" phrase previously used.
The other crimes evidence here challenged by the defense was admissible as an integral part of the offense alleged against the defendant. After flagging Deputy Carter down, the defendant directed the officer to drive to "Big Tommy's" residence. The defendant believed that "Big Tommy" would have cocaine available to sell to the undercover officer. "Big Tommy" informed the defendant that he did not have any cocaine for sale at the time. However, that exchange resulted in the identification of an alternate seller, who then approached Deputy Carter and sold him cocaine. The entire series of events from the defendant flagging down Deputy Carter to the cocaine sale transpired in a continuous, unbroken sequence. The interaction with "Big Tommy" formed part of that sequence. More importantly, the evidence of dealings with "Big Tommy" was necessary to the state's case to show the defendant's connection to the ultimate drug sale. Based on this analysis, the trial judge properly overruled the defense objection to the testimony about "Big Tommy" and correctly denied the motion for a mistrial. L.C.E. art. 404B(1).
This assignment of error is without merit.
Review of this record reveals a single patent error. The trial judge, when sentencing the defendant, failed to give him credit for time served, as mandated by La.C.Cr.P. art. 880. The error requires correction; however, neither reversal of the sentence nor remand for resentencing is necessary because judicial discretion is not entailed. We order the district court to correct the minute entry and commitment to afford the defendant credit against his sentence for time served prior to sentencing. State v. Fraser, 484 So.2d 122 (La. 1986); State v. McDowell, 538 So.2d 754 (La.App. 5th Cir.1989).

DECREE
The conviction and sentence are affirmed, but the sentence is amended to give the defendant credit for time served.
AMENDED AND AFFIRMED.
NOTES
[1] 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).