PEOPLE v NELSON

Docket No. 31236. Submitted February 15, 1978, at Detroit.—Decided November 6, 1978. Leave to appeal applied for.

Christopher Nelson was convicted of armed robbery in Recorder's Court of Detroit, John Patrick O'Brien, J. Defendant appeals claiming that references to his economic and employment status by the prosecuting attorney were error requiring reversal. *Held:*

The prosecutor's comments on defendant's impecuniousness were error, but the error does not mandate reversal because the comment was brief and the evidence against the defendant was overwhelming.

Affirmed.

M. F. CAVANAGH, J., dissented. He would hold that the error requires reversal because the prosecutor's questions and references were irrelevant and served no purpose other than to inject impermissible prejudicial inferences into the trial.

OPINION OF THE COURT

1. APPEAL AND ERROR—CRIMINAL LAW—PROSECUTOR'S COMMENTS—IMPECUNIOUSNESS—OVERWHELMING EVIDENCE—HARMLESS ERROR.

Error resulting from a prosecutor's comment on a defendant's impecuniousness does not mandate reversal under the harmless error test where the comment was brief and the evidence against the defendant was overwhelming (MCL 769.26; MSA 28.1096).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error § 778.

58 Am Jur 2d, New Trial §§ 31, 57, 60, 138.

75 Am Jur 2d, Trial §§ 293-295.

Counsel's reference in criminal case to wealth, poverty, or financial status of defendant or victim as grounds for mistrial, new trial, or reversal. 36 ALR3d 839.

Dissent by M. F. Cavanagh, J.

2. Appeal and Error—Criminal Law—Prosecutor's Comments—
      Defendant's Economic and Employment Status—Irrelevant
      References—Prejudice—Trial Objection.

    *Prosecutorial references to a defendant's economic and employ-*
      *ment status in cross-examination and closing argument consti-*
      *tute prejudicial error requiring reversal where the questions*
      *and references were irrelevant and served no purpose other*
      *than to inject impermissible prejudicial inferences into the*
      *trial; the Court of Appeals should reverse convictions in cases*
      *where interjection of the subject of a defendant's unemploy-*
      *ment is obviously an expedient, where reiteration of the matter*
      *in closing argument makes clear it was not an inadvertent slip,*
      *and where the defendant has by some form of objection raised*
      *the issue at trial.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Daniel J. Petrella,* Assistant Prosecuting Attorney, for the people.

*Derrick A. Carter,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. E. Holbrook, P.J., and V. J. Brennan and M. F. Cavanagh, JJ.

V. J. Brennan, J. The defendant was charged with two counts of armed robbery, MCL 750.529; MSA 28.797, and was convicted after a jury trial of one count. The defendant was sentenced to 15 to 30 years in prison and appeals as of right. Three issues are raised on appeal, only one of which merits discussion.

   The facts surrounding the defendant's claim of prosecutorial error are set forth in the dissenting opinion.

Although we feel that the prosecutor's comment on the defendant's impecuniousness in the present case constituted error, we do not believe that such error mandates reversal upon application of the harmless error test. MCL 769.26; MSA 28.1096. See *People v Ronald Green,* 74 Mich App 601, 604; 254 NW2d 788 (1977).[1]

At trial the defendant did not question the fact that the robbery took place but raised the defense of alibi. Three eyewitnesses were introduced who testified that they picked the defendant out of a lineup and then positively identified the defendant at trial as the robber. In addition no alibi witnesses testified in regard to the robbery charge upon which the defendant was convicted.

The reference to the defendant's impecuniousness was brief and was not the subject of a prolonged effort by the prosecutor. Taking into account the brevity of the comment and the overwhelming evidence against the defendant, we hold the error harmless and affirm the defendant's conviction.

Affirmed.

D. E. HOLBROOK, P.J., concurred.

M. F. CAVANAGH, J. *(dissenting).* Following a jury trial, defendant was convicted of armed robbery, MCL 750.529; MSA 28.797. He appeals by right raising three issues, only one of which merits discussion.

Defendant claims that references to his economic and employment status by the prosecuting

---

[1] Here the Court in applying the second prong of the harmless error test cited the "lengthy jury deliberations and the relative dearth of direct evidence implicating the defendant" and was unable to hold harmless the prosecutorial misconduct which included comment on defendant's lack of employment.

attorney were error requiring reversal.[1] I agree. The questions and references were irrelevant. The prosecutor suggests on appeal that the questions were designed to establish defendant's whereabouts immediately before the robbery. If this were so, why was it necessary to inquire about the defendant's employment status during a three-month period? An examination of the record reveals that the questions on employment were a digression from, not a development of cross-examination dealing with defendant's whereabouts the day of the robbery. There was no reason to ask the witness—twice—whether defendant was working at that time. This served no purpose other than to inject impermissible prejudicial inferences into the trial. See *People v Henderson,* 80 Mich App 477;

---

[1] In cross-examining defendant's girlfriend, an alibi witness, the prosecutor twice asked whether defendant was unemployed during the period when the robberies occurred:

"Q. The period of time through the month of March and June, did the Defendant visit you a lot at home?

"A. Yes.

"Q. He wasn't working, was he?

"A. No.

"Q. So he had a lot of time?

"A. Right, he spent a lot of time around my house.

"Q. Okay. But you know he had no job?

"A. No.

"Q. In other words, then shortly before—you know the Defendant is accused of a robbery on March 12th?

"A. I didn't hear you.

"Q. I said you know the Defendant is accused of a robbery on March 12th? You know that?

"A. Yes."

There was no objection by defense counsel. In closing argument, the prosecutor brought the matter up again and this time there was an objection:

"I ask you again to focus your attention to minutes before the crime or minutes after as to where he was—I don't care about that, that doesn't mean anything. She indicated that he was with her all the time and he didn't have a job, he had all of this free time on his hands, I wonder what his source of income was—

"MR. FEINBERG: Objection, your Honor, that was never gone into."

264 NW2d 22 (1978), *lv gtd,* 403 Mich 825 (1978).

While the error complained of here is less glaring than that oppugned in *People v Johnson,* 393 Mich 488; 227 NW2d 523 (1975), and *People v Hammond,* 394 Mich 627; 232 NW2d 174 (1975), if this Court is to effectuate the rule of *Johnson* and *Hammond,* it has no choice but to reverse convictions in cases like this one where the proffered rationale for interjection of the subject of the defendant's unemployment is obviously an expedient, where reiteration of the matter in closing argument makes clear it was not an inadvertent slip, and where the defendant has by some form of objection raised the issue at trial.

Accordingly, I would reverse defendant's conviction and remand for a new trial.