GAUDIN, Judge.
Michael Coates was convicted by a jury in the 24th Judicial District of aggravated burglary, LSA-R.S. 14:60, and sentenced to 12 years at hard labor, with credit for time served. The State dismissed a multiple offender bill that had been filed.
On appeal, Coates assigns three district court errors:
(1) the State failed to prove a battery,
(2) the trial judge committed error in permitting the prosecutor to prove and argue at trial that Coates had not demanded a lineup, and
(3) the trial judge erred in not ordering a mistrial following the prosecutor’s statement, during closing arguments, that Coates had a court-appointed attorney.
Finding no reversible error in Coates’ assignments of error, we affirm his conviction and sentence. There are no errors patent.
On September 15, 1991, at approximately 6:45 a.m., Coates broke the rear glass door of a residence and entered the home. The owner, Michael Suggs, heard the noise, left his bedroom and entered a hallway, where he saw Coates. The intruder lunged at Suggs. They struggled before Coates broke free and ran from the home.
Irvin Cook, a neighbor of Suggs, was inside his home when he heard a loud noise. Looking out of a window, he saw Coates kick in the rear door and enter Suggs’ residence. Cook recognized Coates, a man he had previously lived near.
Coates was subsequently arrested and brought to trial.
ASSIGNMENT NO. 1
Appellant contends here that the evidence was insufficient to prove that a battery had occurred, battery being an essential element of the crime Coates was charged with.
Aggravated burglary is defined in LSA-R.S. 14:60 as:
“Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
“(1) Is armed with a dangerous weapon; or
“(2) After entering arms himself with a dangerous weapon; or
“(3) Commits a battery upon any person while in such place, or in entering or leaving such place.”
Suggs testified that he and Coates “... struggled right here in the hallway. I struck out at him and he struck out toward me. We went into a wall that was adjacent to my dining room. As I proceeded toward him, he proceeded toward me ...
"... I swung and hit him and he was lunging toward me. We struggled right there in the hallway ...”
The “struggle” caused damage to Suggs’ home. In evidence are photographs of a hole in the wall and a broken glass display stand.
A battery is described in LSA-R.S. 14:33 as the intentional use of force or violence upon the person of another. From Suggs’ uncontested testimony, it is clear that Coates used force or violence in the physi *270 cal encounter although the struggle was brief and Suggs not visibly injured.
It is equally clear that the jury, from these circumstances, could infer that Coates intended to commit a felony or theft. See State v. Moore, 302 So.2d 284 (La.1974).
ASSIGNMENT NO. 2
In this assignment of error, Coates contends that the prosecutor's questioning of a police officer regarding his (Coates’) failure to request a lineup was improper and reversible error.
During the cross-examination of police officer Mark Berggren, defense counsel questioned him about the identifications by the victim and neighbor and about the fact that no lineup was conducted. On redirect, the state was allowed to ask whether defendant or his defense attorney had requested a lineup. The answer was “No”. Furthermore, the state was allowed, during rebuttal closing argument, to argue that Coates could have asked for a physical lineup, that he had the right to ask for the lineup and that no request for a lineup was made.
Coates argues that the permitting of this line of questions and argument shifted the burden of proof from the state to him. He also contends that he was compelled to give evidence against himself and that his right against self-incrimination was violated.
There is no indication in the record that the state’s questions shifted the burden of proof. They were asked in response to Coates’ questions on cross-examination about the lack of a lineup. Coates was not required to prove that he was not guilty.
Additionally, the questions did not violate Coates’ right against self-incrimination. The privilege against self-incrimination protects only against compulsory testimony by an accused or against his being required to furnish evidence of a testimonial or communicative nature. See Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); and State v. Jones, 261 La. 422, 259 So.2d 899 (1972).
Here, Coates was not required to give testimony or to furnish evidence which was of a testimonial or communicative nature.
Before an inappropriate statement requires a reversal, it must be convincingly demonstrated that the jury was influenced by the remark or that the remark contributed to the guilty verdict. See State v. Taylor, 525 So.2d 1118 (La.App. 5 Cir.1988), writs denied at 526 So.2d 1212 (La.1989). This Court has also stated that a reviewing court will not overturn a conviction on ground of improper argument unless the court is thoroughly convinced that the remarks influenced the jury and contributed to the verdict. See State v. Cockerham, 442 So.2d 1257 (La.App. 5 Cir. 1983). The brief comments here did not prejudice the jury or contribute to the verdict.
ASSIGNMENT NO. 3
During his closing rebuttal argument, the prosecutor said that Coates was represented by a court-appointed attorney. Defense counsel objected and moved for a mistrial, which was denied. On appeal, Coates contends that the comment about his court-appointed lawyer was deliberate and calculated and that the “... cold-blooded reference to appellant’s indigence reinforced the racist stereotype ...” of the unemployed criminal black male.
After denying the motion for a mistrial, the judge did admonish the jury, as follows:
“Members of the jury, before we resume with the State’s rebuttal argument, I wish to remind you that as I told you at the start of the trial, and as I will instruct you before you begin your final deliberations, that the statements and the arguments made by the attorneys are not evidence and you are not to consider them as evidence ...
“I also instruct you now to disregard any references made as to which side could afford to take certain actions and which side could not afford to take certain actions. This is irrelevant to any issue you must decide. Instead, you must only de *271 cide, whether based upon the evidence presented during the trial, if the State has proven beyond a reasonable doubt that this defendant committed a crime.”
LSA-C.Cr.P. art. 770 states that a mistrial shall be ordered if a judge, district attorney or court official refers to (1) race, (2) another crime or (3) the failure of an accused to testify in his own defense. LSA-C.Cr.P. art. 771 reads:
“In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
“(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
“(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
“In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.”
A mistrial may be ordered, according to the pertinent part of LSA-C.Cr.P. art 775, if the trial judge decides that it is physically impossible to proceed in conformity with law.
Whether a mistrial should or should not be ordered is within the sound discretion of the trial judge. In State v. Williams, 458 So.2d 1315 (La.App. 1 Cir.1984), writs denied at 463 So.2d 1317 (La.1985), the First Circuit found that two references by a police officer (and prosecution witness) to the public defender’s office did not affect the defendant’s receipt of a fair trial. The trial judge did not abuse his discretion in denying a motion for a mistrial.
In State v. Briggs, 526 So.2d 297 (La.App. 3 Cir.1988), writs denied at 536 So.2d 1213 (La.1989), the trial court clerk, in reading the defendant’s not guilty plea to the jury, referred to the defendant’s presence at arraignment with court-appointed counsel. The Third Circuit, at page 300, said:
“On the merits, defendant’s argument appears to address an allegedly prejudicial remark which has not been previously argued in this state. La.C.Cr.P. art. 770, which sets forth the prejudicial remarks which mandate a mistrial, does not encompass references to indigency. When a remark or comment is made that might create prejudice to the defendant, yet is not within the scope of La.C.Cr.P. art. 770, the trial judge shall admonish the jury to disregard the comment or grant a mistrial if admonishment cannot overcome the damage to a fair trial. La. C.Cr.P. art. 771. Here, defendant states that only a mistrial was requested thereby negating any question as to whether an admonition to the jury should have been made. State v. Baldwin, 388 So.2d 664 (La.1980); State v. Egena, 369 So.2d 1295 (La.1979); State v. Matthews, 354 So.2d 552 (La.1978).
“Mistrial is a drastic remedy and, except in instances in which the mistrial is mandatory, is warranted only when a trial error results in substantial prejudice to the defendant depriving him of a reasonable expectation of a fair trial. State v. Goods, 403 So.2d 1205 (La.1981); State v. Heads, 370 So.2d 564 (La.1979); State v. Overton, 337 So.2d 1058 (La.1976). Where the reference to defendant’s poverty made in argument by the state in a manner intended to inject class prejudices into the verdict, a much different situation would present itself. However, here the reference is merely incidental in the fulfillment of the requirement to read the defendant’s plea on arraignment. La.C.Cr.P. art. 765(3). No references to defendant’s indigency were made and the jury was instructed that its *272 verdict should be limited to the evidence and testimony presented during the trial. “In some other jurisdictions, a prosecutor’s arguments referring to the defendant’s poverty, lack of employment, lack of fixed habitation, and the like have in some instances, been held prejudicial. See generally, Annot. 36 A.L.R.3d 839 § 9 (1971); Annot. 78 ALR 1438 (1932). However, in most cases where error was found harmless in prosecutorial comments on a defendant’s impecuniosity, the distinction is between that of a brief reference and an equation of proverty with guilt. See e.g. State v. Copeland, 94 N.J.Super. 196, 227 A.2d 523, 36 A.L.R.3d 830 (1967); People v. Nelson, 86 Mich.App. 651, 273 N.W.2d 512 (1978); People v. Martin, 75 Mich.App. 6, 254 N.W.2d 628 (1977). This is similar to the rule that the wealth of a defendant cannot be argued as indicative of corruption or wrongful gain. United States v. Stahl, 616 F.2d 30 (2d Cir.1980); United States v. Socony-Vacuum Oil Co., reh. den., 310 U.S. 658, 60 S.Ct. 1091, 84 L.Ed. 1421 (1940).
“Defendant points to no case where the mere mention by the deputy clerk of a defendant as appearing with court-appointed counsel approaches a prosecutorial attempt to argue guilt from poverty. It is likely that some, if not all, of the jury did not connect the reference to a finding of indigency of defendant, much less become prejudiced against him because of the remark. It has not been shown how defendant was denied the possibility of a fair trial. Therefore, the denial of a mistrial by the trial judge was not erroneous. We find no merit to this assignment of error.”
The remarks in Coates’ situation were made by a prosecutor, not a lesser court figure. Nonetheless, prejudice must be shown. The remarks here were in rebuttal to statements of defense counsel and were not a reference either (1) to Coates’ employment or economic status or (2) to his race.
The trial judge properly denied a mistrial, admonished the jury and proceeded with closing arguments. Coates’ conviction was based on overwhelming evidence. This assignment of error, like the first two, had no impact on the guilty verdict.
AFFIRMED.