735 So.2d 109 (1999)
STATE of Louisiana
v.
Andrew J. CELESTINE.
No. 98-KA-1166.
Court of Appeal of Louisiana, Fifth Circuit.
March 30, 1999.
*111 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Ellen S. Fantaci, George C. Wallace, Jr., Richard Bates, Assistant Dist. Attys., for Plaintiff-Appellee.
Laurie A. White, Louisiana Appellate Project, New Orleans. for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., THOMAS F. DALEY and SUSAN A. CHEHARDY.
DUFRESNE, J.
The Jefferson Parish District Attorney filed a bill of information charging the defendant, Andrew J. Celestine, with one count of aggravated burglary, in violation of LSA-R.S. 14:60, and one count of simple burglary of an inhabited dwelling, in violation of LSA-R.S. 14:62.2. The two counts were severed, and the defendant thereafter proceeded to trial on the aggravated burglary charge. After considering the evidence presented, the jury found the defendant guilty as charged. As a result of this conviction, the trial judge sentenced the defendant to twenty-five years imprisonment at hard labor.
The state subsequently filed a bill of information seeking to have the defendant adjudicated a second felony offender pursuant to the provisions of LSA-R.S. 15:529.1. Following his admission to the allegations contained in the bill, the trial court adjudicated the defendant a multiple offender, vacated the original sentence and imposed an enhanced sentence of twenty-five years imprisonment at hard labor. It is from this conviction and sentence that the defendant now appeals.

FACTS
On August 31, 1996, Ms. Ann Culotta, while living in a Metairie apartment complex, was awakened at approximately 7:00 a.m. by some noise. Thinking that it was a maintenance person, she stayed in bed. However, when the noise continued, Ms. Culotta got out of bed, walked into her den and saw a man, subsequently identified as the defendant, standing in the middle of her apartment. According to Ms. Culotta, she asked the defendant what he was doing in her apartment, to which he replied, *112 "I don't know." At that point, Ms. Culotta began screaming. The defendant then attacked her, grabbed her by the hair and pushed her into her bedroom and against the furniture. The defendant kept telling her to shut up. When she quit screaming, the defendant released her, and after a few minutes, left through the front door. As the defendant left, Ms. Culotta noticed that the sliding glass door in the den was half open, and that the bar used to keep the sliding glass door from moving was on the carpet next to the door.
Ms. Culotta thereafter reported the incident to the police. When they arrived at her apartment, Ms. Culotta gave a statement, including a description of the perpetrator. Based on her description and as a result of further investigation, the police compiled a photographic lineup. A few days after the incident, Ms. Culotta viewed this lineup and positively identified the defendant as the perpetrator. In addition, she positively identified the defendant in court as the individual in her apartment on August 31, 1996.
At trial, Ms. Culotta testified that as a result of this attack, she sustained cuts and bruises and also lost some hair. She additionally testified that she did not give the defendant permission to be in her apartment.
Following the presentation of the state's case, defense counsel called Ms. Myra Huy, the defendant's live-in girlfriend, to testify on his behalf. According to Ms. Huy, on August 31, 1996, the defendant returned to their apartment at approximately 4:00 a.m. after a night out drinking with his friends. When Ms. Huy woke up at 6:30 a.m., the defendant was asleep and remained asleep until she woke him up a little past 7:00 a.m.

SUFFICIENCY OF THE EVIDENCE
In his first assignment of error, the defendant challenges the sufficiency of the evidence used to convict him. Specifically, the defendant claims that the state failed to prove that he entered the victim's apartment with the intent to commit a felony or a theft therein. He also claims that the state failed to sufficiently prove the identity of the defendant as the perpetrator.
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986). When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that, "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." The requirement of LSA-R.S. 15:438 does not establish a standard separate from the Jackson standard, but rather provides a helpful methodology for determining the existence of reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984); State v. Ruffin, 96-226 (La.App. 5 Cir. 8/28/96), 680 So.2d 85. Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Burrow, 565 So.2d 972 (La.App. 5 Cir.1990), writ denied, 572 So.2d 60 (La.1991). Additionally, the state is required to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Battle, 93-900 (La.App. 5 Cir. 3/29/94), 635 So.2d 337, writ denied, 94-1592 (La.10/28/94), 644 So.2d 649.
The defendant herein was convicted of aggravated burglary. LSA-R.S. 14:60 defines an aggravated burglary as the unauthorized entry of an inhabited dwelling with the intent to commit a felony or any theft therein, if the offender is armed with a dangerous weapon upon entry, arms himself with a dangerous weapon after *113 entering, or commits a battery[1] upon any person while inside or upon entering or leaving. State v. Ortiz, 96-1609 (La.10/21/97), 701 So.2d 922, cert. denied, ___ U.S. ___, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998).
In the present case, the testimony at trial established that while Ms. Culotta was asleep, the defendant entered her apartment without her permission. When Ms. Culotta awoke and discovered the defendant standing in her den, she began screaming. The defendant then attacked her, grabbed her by the hair, and pushed her into the bedroom and up against the furniture. As a result of the attack, Ms. Culotta sustained cuts and bruises which required medical treatment, and she also lost a lot of her hair. At trial, Ms. Culotta testified that when the defendant eventually left her apartment, she noticed that the sliding glass door was half open and that the bar used to keep the door from moving was on the carpet next to the door. There was also testimony by one of the police officers that a few of the boards in the fence adjacent to the sliding glass door were "freshly pulled loose." In addition, when the defendant was discovered by Ms. Culotta, he offered no excuse for his presence, thereafter attacked the victim, and remained in her apartment for several minutes after the struggle. In light of these facts, we find that a rational trier of fact, after viewing the evidence in the light most favorable to the prosecution, could have found beyond a reasonable doubt, that the defendant, without authority, entered Ms. Culotta's apartment and committed a battery upon the victim. Moreover, it is clear from these circumstances that the jury could have inferred that the defendant intended to commit a felony or theft therein. See State v. Coates, 622 So.2d 268 (La.App. 5 Cir.1993), writ denied, 626 So.2d 1178 (La.1993) and State v. Savage, 540 So.2d 582 (La.App. 5 Cir. 1989).
In addition to proving the elements of the offense, we also find that the state sufficiently proved the identity of the defendant as the perpetrator. The defendant expresses concern about his identification because at trial the victim testified that only two males in the photographic lineup matched her description of the assailant and she did not identify the photograph of the defendant as one of the two males. We acknowledge this testimony by the victim; however, we further note that the victim positively identified the defendant in the photographic lineup and at trial as the perpetrator. Moreover, she testified that but for the defendant's facial hair, which she described as "so light, you can barely see it," and "peach fuzz," the defendant did, in fact, fit the description that she initially gave to the police. Accordingly, we find that the state sufficiently negated any reasonable probability of misidentification. Based on the foregoing discussion, we find that this alleged error is without merit.

MOTION FOR MISTRIAL
In his second assigned error, the defendant argues that the trial court erred in denying his motion for mistrial following a comment made by a state witness which constituted an inadmissible reference to other crimes.
In the present case, the motion for mistrial was based upon the following testimony, which was given by the police officer who conducted the follow-up investigation of the crime:
Q: [by the District Attorney] And did you attempt some how to get Ms. Culotta to identify the person who broke into her apartment?
A: [Police Officer] Yes, I did.

*114 Q: Okay. And how did you go about that?
A: I went and got awell, after I got the name, I think the apartment manager gave me the name of the subject that fit the description that Ms. Culotta gave, that lived in the complex. And when I got that name, I ran that subjects name through the national crime computer and got a pass (sic) criminal history and got a
Based on the officer's reference to the defendant's past criminal history, defense counsel moved for a mistrial which was denied by the trial judge.
Mistrial is a drastic remedy and, except in instances in which mistrial is mandatory, is warranted only when trial error results in substantial prejudice to defendant, depriving him of a reasonable expectation of a fair trial. State v. Forrest, 95-31 (La.App. 5 Cir. 2/14/96), 670 So.2d 1263, writ denied, 96-0654 (La.6/28/96), 675 So.2d 1117. Whether a mistrial should be granted is within the sound discretion of the trial court, and denial of a motion for mistrial will not be disturbed on appeal absent an abuse of that discretion. State v. Brown, 96-1002 (La.App. 5 Cir. 4/9/97), 694 So.2d 435, writ denied, 97-1310 (La.10/31/97), 703 So.2d 19.
LSA-C.Cr.P. art. 770 mandates a mistrial upon motion of a defendant, "when a remark or comment made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to ... another crime committed or alleged to have been committed by the defendant as to which evidence is inadmissible." The courts have consistently held that a policeman is not a "court official" and therefore even if the policeman makes reference in his testimony to another crime, mistrial under LSA-C.Cr.P. art. 770 is not required. State v. Hayes, 414 So.2d 717 (La.1982); State v. Holmes, 94-907 (La.App. 5 Cir. 3/15/95), 653 So.2d 642. The proper remedy would be upon request of defendant an admonition to the jury to disregard the remark. Furthermore, to trigger the need for an admonition the remark must refer to a crime alleged to have been committed by the defendant. LSA-C.Cr.P. art. 771; State v. Holmes, supra.
In the present case, the officer did not refer to any specific crime committed by the defendant. He merely stated that he ran the defendant's name through the national crime computer, got a past criminal history and obtained a photograph. Under these circumstances, we find no abuse of the trial court's discretion in refusing to declare a mistrial.[2] Accordingly, this alleged error is without merit.

JURY INSTRUCTION
In his third assigned error, the defendant argues that the trial court erred in giving the jury an erroneous instruction regarding an essential element of the offense charged. Although the defendant acknowledges that the trial judge actually charged the jury on the particulars of aggravated burglary, he complains because on one occasion, he improperly told the jury that the defendant was charged with simple burglary, thereby causing confusion.
LSA-C.Cr.P. art. 802 provides as follows:
The court shall charge the jury:
(1) As to the law applicable to the case;
(2) That the jury is the judge of the law and of the facts on the question of guilt or innocence, but that it has the duty to accept and to apply the law as given by the court; and

*115 (3) That the jury alone shall determine the weight and credibility of the evidence.
It is well settled that a jury charge must be considered as a whole, and particular expressions in a charge must be construed in the context of the entire charge. Thus, the courts have declined to reverse a conviction based on an erroneous charge unless the disputed portion, when viewed in context with the remainder of the charge, is erroneous and prejudicial. State v. Tran, 97-640 (La.App. 5 Cir. 3/11/98), 709 So.2d 311.
In the present case, we recognize that on one occasion the trial judge improperly told the jury that the defendant was charged with simple burglary. However, both immediately before and after that single misstatement, the trial judge correctly charged the jury that the defendant was on trial for the crime of aggravated burglary and properly explained the elements pertaining to the crime of aggravated burglary. Moreover, the district attorney and the defense attorney referred to the crime of aggravated burglary throughout the trial. In light of these circumstances, we cannot say that this one misstatement by the trial judge, when viewed in context with the remainder of the charge, either confused the jury or caused undue prejudice to the defendant. Accordingly, this assigned error likewise lacks merit.

MULTIPLE OFFENDER PROCEEDINGS
On appeal, the defendant also contends that the trial court erred in adjudicating him to be a second felony offender. As one of his arguments, the defendant asserts that the trial judge failed to advise him of his constitutional rights prior to his admission to the allegations contained in the multiple offender bill of information.
Our jurisprudence has consistently held that in a habitual offender proceeding, a trial court must advise a defendant of his rights to a hearing, at which time the state is required to prove the allegation of the multiple bill, and of the right to remain silent. State v. Riggins, 97-1194 (La.App. 5 Cir. 8/25/98), 718 So.2d 569, writ denied, 98-2520 (La.1/15/99), 736 So.2d 206.
In the present case, the record is void of any indication that the defendant was advised of his right to remain silent, either by his counsel or the trial judge, prior to the trial court's acceptance of his guilty plea to the multiple offender bill. Accordingly, we must vacate the defendant's multiple offender adjudication and sentence and remand the matter for resentencing. Since we have found merit to this particular argument, we find it unnecessary to address the remaining claims raised by the defendant in support of his contention that the multiple offender proceedings were defective.

INEFFECTIVE ASSISTANCE OF COUNSEL
In his fifth assigned error, the defendant argues that he was denied his constitutional He specifically claims that his trial attorney was ineffective because he failed to file a motion for reconsideration of sentence pursuant to LSA-C.Cr.P. art. 881.2, thereby precluding appellate review of the issue of excessiveness of sentence.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show that (1) his attorney's performance was deficient, and (2) the deficiency prejudiced him. To show "prejudice" as required in order to establish ineffective assistance of counsel, the defendant must demonstrate that, but for counsel's unprofessional conduct, the outcome of the trial would have been different. Strickland v. *116 Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Soler, 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, writ denied, 94-0475 (La.4/4/94), 637 So.2d 450, writ denied, 94-1361 (La.11/4/94), 644 So.2d 1055.
In the present case, although the defendant's trial attorney did not file a written motion to reconsider, he orally objected to the severity of the sentence at the time the sentence was imposed. Therefore, the issue of constitutional excessiveness would have been preserved for appellate review. State v. McCorkle, 97-966 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212. In light of these circumstances, the defendant has failed to show that counsel's performance was deficient and that the deficiency prejudiced him. Moreover, since we have vacated the defendant's sentence, a review for excessiveness is not necessary at this time.

EXCESSIVE SENTENCE
In his sixth alleged error, the defendant argues that his sentence of twenty-five years at hard labor is excessive. He also complains that the trial judge failed to state the reasons for the sentence imposed as required by LSA-C.Cr.P. art. 894.1 C. Based on our decision to vacate the defendant's adjudication and sentence as a multiple offender, we find is unnecessary to presently address these issues.

ERROR PATENT DISCUSSION
On appeal, the defendant also requests that this court review the record for errors patent. We have conducted such a review in accordance with LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La. 1975).
Our review reveals that the trial judge failed to advise the defendant of the prescriptive period for post-conviction relief, as mandated by LSA-C.Cr.P. art. 930.8(C), either during original sentencing or during enhanced sentencing. LSA-C.Cr.P. art. 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for post conviction relief. Subpart C of the article requires that the trial court inform the defendant of the three year prescriptive period at the time of sentencing. Since we remand the matter for resentencing, we direct the trial judge to advise the defendant of the prescriptive period at that time. For the foregoing reasons, the defendant's conviction is affirmed, his sentence is vacated, and the matter is remanded for proceedings consistent with this opinion.
CONVICTION AFFIRMED, SENTENCE VACATED, REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] A battery is defined in LSA-R.S. 14:33 as the "intentional use of force or violence upon the person of another...."
[2] We note that although the defense attorney in the present case moved for a mistrial, he did not request an admonition. Therefore, the trial judge was not obligated to admonish the jury.