865 So.2d 172 (2003)
STATE of Louisiana
v.
Herman J. WALKER.
No. 2003-KA-1072.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2003.
*173 Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Terry M. Boudreaux, Assistant District Attorneys, Gretna, LA, Counsel for Plaintiff/Appellee.
Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, LA, Counsel for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
SOL GOTHARD, Judge.
Defendant, Herman J. Walker, was charged by bill of information with seven counts of distribution of cocaine within 1000 feet of a school in violation of LSA-R.S. 40:981.3. Defendant went to trial on counts 1 and 3, and was found guilty as charged on count 1 and guilty of distribution of cocaine on count 3. He was sentenced to imprisonment at hard labor for 20 years on each count to run concurrently. Additionally, the trial court ordered that the first two years of the sentence on count 3 was to be served without benefit of parole, probation, or suspension of sentence, and that the sentence on count 1 was to be served without benefit of parole, probation, or suspension of sentence.
Pursuant to a multiple bill, the trial court thereafter found defendant to be a *174 third felony offender. The trial court vacated the sentence on count 1 and sentenced defendant under the multiple bill statute to imprisonment at hard labor for 32 years without benefit of probation or suspension of sentence. The trial court ordered the multiple bill sentence to run concurrently with any other sentence and fined defendant $50,000.00. Defendant now appeals.
The following facts were proved at trial. On October 24, 2002, undercover agent Veronica Gordon purchased from the defendant six off-white rock-like objects, containing cocaine, for $100.00. The transaction occurred on the corner of Field and Eiseman Streets, approximately 400 feet from Ames Elementary School. On November 25, 2002, defendant again sold six off-white rock-like objects, containing cocaine to Agent Gordon. This transaction occurred in the same general area, approximately 200 feet from Ames Elementary School. Both transactions were videotaped.
In this appeal, defendant alleges that the trial court erred in denying his motion for mistrial premised upon repeated references to inadmissible evidence of appellant's criminal record. He also requests that the record be reviewed for errors patent.
In his allegation of error, defendant specifically complains about the following references:
Sergeant Williams testified during direct examination that he reviewed the videotape of the October 24th transaction, and that he recognized defendant. Defense counsel objected to that line of questioning because it implied that defendant had a criminal record.
Agent Lisa Thornton testified during direct examination that, after the transaction was complete, they went to the office and viewed the videotape, and that Sergeant Williams "immediately knew who the defendant was." Defense counsel restated his previous objection and said that, out of an abundance of caution, he was moving for a mistrial.
Agent Thornton subsequently testified that she conducted a criminal history inquiry and put together a photographic lineup. However, defendant did not object to this comment.
Defendant alleges that these remarks constitute an indirect reference to his prior criminal record, and therefore the trial court erred in denying his motion for mistrial.
Except under certain statutory or jurisprudential exceptions, evidence of other crimes or bad acts committed by the defendant is inadmissible at trial. La. C.E. art. 404(B)(1). La.C.Cr.P. art. 770 mandates a mistrial upon motion of a defendant, "when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to ... [a]nother crime committed or alleged to have been committed by the defendant as to which evidence is inadmissible[.]"
The courts have consistently held that a police officer is not a "court official" for purposes of Article 770. State v. Hayes, 414 So.2d 717, 721 (La.1982); State v. Celestine, 98-1166 (La.App. 5 Cir. 3/30/99), 735 So.2d 109, 114, writ denied, 99-1217 (La.10/8/99), 750 So.2d 178. However, the jurisprudence provides that an impermissible reference to another crime deliberately elicited by the prosecutor is imputable to the State, and would therefore trigger the provisions of Article 770. State v. Hester, 99-426 (La.App. 5 Cir. 9/28/99), 746 So.2d 95, 109.
*175 A police officer's simple reference to a familiarity with the defendant and observation of him on other occasions does not constitute a reference to "another crime" committed by the defendant within the meaning of La.C.Cr.P. art. 770(2). State v. Robinson, 02-530 (La.App. 5 Cir. 10/29/02), 831 So.2d 460, 466 (citation omitted).
Similar comments were addressed and found to be permissible by this court in State v. Tapps, 02-547, (La.App. 5 Cir. 10/29/02), 832 So.2d 995, writ denied, 02-2921 (La.4/21/03), 841 So.2d 789, wherein we said:
In State v. Celestine, 98-1166, p. 9 (La.App. 5 Cir. 3/30/99), 735 So.2d 109, 114, writ denied, (La.10/8/99), 750 So.2d 178, a similar complaint was lodged. In Celestine, a police officer testified regarding his identification of the defendant and stated in response to questioning at trial, "And when I got that name, I ran that subject's name through the national crime computer and got a pass [sic] criminal history...." Defense counsel moved for a mistrial, but did not seek an admonition. This Court affirmed the trial judge's refusal to grant a mistrial, stating, "In the present case, the officer did not refer to any specific crime committed by the defendant. He merely stated that he ran the defendant's name through the national crime computer, got a past criminal history and obtained a photograph."
At page 1003.
See also, State v. Jones, 00-162 (La.App. 5 Cir. 7/25/00), 767 So.2d 862, 866, writ denied, 00-2484 (La.6/22/01), 794 So.2d 783, in which we said:
[t]here was no specific mention of a prior crime or bad act. The mere fact that a police officer testifies to having previously known the defendant does not amount to improper introduction of other crimes evidence, where there is no reference to a specific crime or criminal activity.
In the instant case, there is no evidence in the record that the prosecutor was attempting to elicit information about other crimes or bad acts. Rather, the questioning was aimed at setting up the sequence of events leading to defendant's arrest. Secondly, there was no specific mention of a prior crime or bad act by Sergeant Williams or Agent Thornton. Therefore, we find that the trial judge did not err in refusing to grant defendant's motion for mistrial.
We have reviewed the record for errors patent, according to La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals the following errors patent.
The commitment indicates that defendant's multiple offender sentence was to be served without benefit of parole, probation, or suspension of sentence. However, the transcript reflects that the trial judge correctly ordered the sentence to be served without benefit of probation or suspension of sentence. LSA-R.S. 15:529.1(G). In general, where there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). Accordingly, we remand the matter so that the trial judge can correct the commitment to conform to the transcript. State v. Woodward, 02-1017 (La.App. 5 Cir. 3/25/03), 844 So.2d 236, 242.
The trial court failed to advise defendant of the prescriptive period for filing post-conviction relief as required by La. C.Cr.P. art. 930.8. We therefore remand this case and order that the trial judge send written notice to defendant that his application for post-conviction relief must *176 be filed no more than two years after the judgment of conviction and sentence has become final, within ten days of the rendering of this opinion, and then file written proof in the record that defendant received the notice. State v. Pierre, 02-838 (La. App. 5 Cir. 12/30/02), 834 So.2d 1229, 1233.
For the above reasons, we affirm the defendant's convictions and sentences. The matter is remanded for correction of the commitment, and for the trial court to advise the defendant of the delays for filing post conviction relief.
AFFIRMED AND REMANDED.